BOARD OF COM'RS OF VAN WERT COUNTY, OHIO, v. PEIRCE.

(Circuit Court, N. D. Ohio, W. D. December 29, 1898.)

1. ACTION AGAINST FEDERAL RECEIVER—REMOVAL.
   Whether authority to sue a receiver appointed by a federal court is given by the court or conferred by statute, the action arises under the laws of the United States, and it is removable to a federal court.

2. OBSTRUCTION OF STREAM BY A RAILROAD BRIDGE—INJUNCTION.
   The evidence showed that a railroad crossed, by a wooden bridge 73 feet long supported on rows of piles, a stream about 30 feet wide, and from 1 to 2 feet deep, but which in February and May of each year flooded the country above and below the bridge for 6 or 8 miles. A county-road bridge of one wooden span, resting on two stone abutments, 31 feet apart, crossed 25 feet above the railroad bridge, and 90 feet above this bridge was a floodgate stretched across the stream by riparian owners on both sides, to prevent cattle escaping. The approaches to the railroad bridge were on high banks, and there were six rows of piles, 14 feet apart, and four piles in each row. One row stood in midstream, and the others were on or near the bank, ranged substantially in line with the current. There was no evidence that any particular damage was done by freshets because of the single row in midstream or the others. The space for a flood under the railroad bridge was more than double that under the county bridge, and the weight of the evidence showed that débris, ice, and timber, during high water, caught against the bank of the highway bridge rather than against the bents of the railroad bridge, and still more was caught by the floodgate. *Held* insufficient to authorize an injunction against building a new railroad bridge by driving down new piling parallel with the old, which were to be afterwards removed, on the ground that the piles driven to support the bridge would unduly obstruct the stream and injure the county highway and farms lying in the river valley.

Thomas J. Trippy, for commissioners.
Browb & Geddes, for receiver.

TAFT, Circuit Judge. The petition in this case was originally filed in the common pleas court of Van Wert county, Ohio. It prayed for

an injunction against R. B. F. Peirce, receiver of the Toledo, St. Louis & Kansas City Railroad Company, appointed by this court, to prevent him from building anew a railroad bridge over the Little Auglaize river, in Van Wert county, Ohio, on the ground that the piles driven to support the bridge would unduly obstruct the flow of the water in the stream, and injure a county highway and the property of farmers lying in the valley of the river. A temporary injunction was issued ex parte by the probate judge in the absence of the common pleas judge from the county. Counsel for the receiver applied to this court for an order against the county commissioners to show why they should not be attached for contempt of court for interfering with the possession of the receiver of this court by injunctive process. The prosecuting attorney of the county appeared at the hearing of the application, and the court, being satisfied that the petition was filed in good faith, made an order authorizing the commissioners to bring the suit against the receiver of the court, and ratifying the suit as brought as under such authority. Thereafter, and before the receiver was required to answer under the Code of Ohio, a petition was filed by the receiver in the common pleas court for Van Wert county, praying for a removal of the cause to the circuit court of the United States for the Northern district of Ohio, the Western division. A proper bond with sufficient security was tendered the common pleas court, but that court declined to make the order of removal, on the ground that the cause was not removable. The counsel for the receiver nevertheless filed a transcript in this court, and now makes a motion to dissolve the preliminary injunction, on the theory that the cause is removed and that this court has jurisdiction thereof.

The first question to be disposed of is the question of jurisdiction. The petition for removal stated three grounds upon which the removal ought to be had. The first ground was that the action against the receiver was necessarily ancillary to the main suit in which the receiver was appointed in this court; the second ground was that the suit arose under the laws and constitution of the United States; and the third was that the receiver was a citizen of Indiana, and that the complainants were citizens of the state of Ohio, at the time of the bringing of this suit. Since the suit was removed, the receiver, R. B. F. Peirce, has resigned, and a citizen of Ohio, Samuel Hunt, has been appointed in his stead. Whether this change in receivers would affect the jurisdiction of this court, once attaching, is a question which I need not discuss, because the suit is plainly removable, under the laws and constitution of the United States. It is decided in Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, that a suit against a receiver of a federal court may be removed from a state court to the proper circuit court of the United States because it arises under the laws and constitution of the United States. It does not affect the removable character of the suit that leave was given by this court to bring the suit against the receiver. That leave was given merely to eliminate from the case any ground on the part of the receiver for objecting to the issuing of the injunctive process against him. It is not now necessary to decide whether an injunction issuing out of a state court against a receiver of a federal court to prevent such receiver from using the property in his charge in a certain

way is an interference with his possession of such a character as to require the consent of the court appointing him before the process may issue. Whether the authority to bring the suit is given by the court appointing the receiver, or is conferred by statute, in either case it comes from a federal source, and therefore the suit thus authorized arises under the laws of the United States. The consent which the court gives for the bringing of the suit does not estop the party or the court from granting a removal thereafter. The consent only goes to the right to serve process upon the party sued. It cannot have the effect of curtailing the course of procedure which the receiver may be entitled to take thereafter in the conduct of the suit. If he deems it wise, in the interest of the trust, to remove the suit to the jurisdiction to which the law gives him the right to remove it, there is nothing in the preliminary consent of the court appointing him which will prevent his taking such a course.

The remaining question is upon the issue whether the restraining order issued ex parte should be dissolved. The evidence shows that the Auglaize river, except in February and May, is a stream about 30 feet wide, and from 1 to 2 feet deep, but that in February and May of each year there are freshets which flood the country above and below the bridge for 6 or 8 miles. It appears that 25 feet above the railroad bridge is a county road bridge of one wooden span, resting on two stone abutments, 31 feet apart. Ninety feet above this county-road bridge is a floodgate stretched across the stream to prevent the escape of cattle by the riparian owners on both sides. The railroad bridge was erected in 1886. It is a wooden structure, and is supported on rows of piles. The railroad bridge is 73 feet long. The approaches are on high banks. There are six rows of piles or bents, as they are called, 14 feet apart. In each row there are four piles. One row of piles stands in midstream, and the others are on or near the bank. The piles in the row are ranged substantially in line with the current of the stream. The old piling has grown insecure, and the receiver has driven new piling, parallel with the old, and proposes to take out the old, and would have taken it out before this but for the injunction. There is no evidence of a satisfactory kind that shows that any particular damage has been done by the freshets by reason of the single row of piling in midstream or the other rows. The space for flow of a flood under the railroad bridge is more than double that under the county bridge, only 25 feet above. The weight of the evidence shows that the débris and ice and timber which are floated down the stream during the high water catch against the bank of the highway bridge, rather than against the bents of the railroad bridge, and that still more débris is caught by the floodgate, 90 feet above. The situation has been illustrated by photographs and maps, so that from the statements in the affidavits, together with these illustrations, I am able to get quite a good idea of the matters in dispute. An examination of the proof satisfies me that there is no ground for the complaint in the petition of the commissioners, and that the receiver ought to be allowed to go on with his bridge, and to take up the old piling, which will remove much of the obstruction of which the plaintiffs complain.

The motion for a dissolution of the temporary injunction is granted, and the clerk will make an order accordingly.