## AMERICAN LOCOMOTIVE CO. et al. v. HISTED et al.

District Court, W. D. Missouri, W. D.
October 9, 1926.

No. 738.

1. Removal of causes ⊂⇒21—Suit involving good faith of federal court receiver, and based on alleged delinquencies in association with other defendants, is cognizable in federal court (Judicial Code, § 33 [Comp. St. § 1015]).

Under Judicial Code, § 33 (Comp. St. § 1015), authorizing removal of any civil suit against officer of federal courts for or on account of any act done under color of his office, suit involving good faith of receiver appointed in federal court, based on alleged delinquencies in

association with other defendants, is cognizable in federal court, regardless of diversity of citizenship.

**2. Removal of causes ⊂⟹21—Receiver of federal court is officer of court, within meaning of law authorizing removal of suit (Judicial Code, § 33 [Comp. St. § 1015]).**

A receiver, under appointment of federal court, is an officer of the court, within the purview of Judicial Code, § 33 (Comp. St. § 1015), authorizing removal of any civil suit against officer of federal court.

In Equity. Suit by the American Locomotive Company and others against Clifford Histed and others, wherein defendants' petition for removal to the federal court, and plaintiffs move to remand. Motion to remand denied, and jurisdiction retained.

See, also, 18 F.(2d) 652.

Scarritt, Jones & North, of Kansas City, Mo., for American Locomotive Co.

Jas. H. Harkless, of Kansas City, Mo., for Histed and Kansas City, M. & O. Ry. Co.

W. O. Thomas, of Kansas City, Mo., for Kemper.

A. L. Cooper, of Kansas City, Mo., for Goebel.

Edwin C. Meservey, of Kansas City, Mo., for Hall.

J. E. Goodrich, of Kansas City, Mo., for Commerce Trust Co. and McLucas.

Hugh M. Hiller, of Kansas City, Mo., for Miller.

REEVES, District Judge. In this proceeding, the several defendants have separately, as well as jointly, filed their petitions for removal to this court, and the plaintiffs have correspondingly moved to remand as to each defendant. A brief statement of facts will be sufficient to justify the ruling here made.

[1] At the time the suit was instituted, and at the present time, defendant William T. Kemper was and is receiver, under appointment of the District Court of the District of Kansas, for the Kansas City, Mexico & Orient Railway Company, a corporation. This receivership was pending at all of the times mentioned in the petition. The petition challenges by sundry allegations the good faith of the said Kemper in performing his duties as receiver, and the whole action is based upon alleged delinquencies on his part, in association with the other defendants. Under such circumstances, without regard to the question of diversity of citizenship or the amount involved, the whole matter is cognizable in this court.

18 F.(2d)—42

[2] By an amendment to section 33 of the Judicial Code, now section 1015, United States Compiled Statutes 1918, provision was made for the removal of any civil suit "against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer." A receiver, under appointment of the federal court, is an officer of the court within the purview of this section. Matarazzo v. Hustis (D. C.) 256 F. 882, loc. cit. 887; Lewis on Removal of Causes, § 140a.

A careful perusal of the bill in the case discloses that it is based upon acts of the receiver "done under the color of his office or in the performance of his duty as such officer."

"All other questions become immaterial in the controversy, as it was clearly the purpose of the amendment to confer jurisdiction of such controversies upon the national court. The several motions to remand will be denied, and jurisdiction of the matter in dispute will be retained here. Plaintiffs will be allowed exceptions to this ruling.