### NEWELL v. BYRAM et al.

(District Court, D. Minnesota, Third Division January 11, 1927. On Reargument, March 17, 1927.)

**1. Removal of causes ⊚⊸21—Action for negligence of federal railroad receivers in operation of trains held removable (Judicial Code, § 33 [Comp. St. § 1015]).**

Receivers appointed by a federal court are officers of that court, within Judicial Code, § 33 (Comp. St. § 1015), and an action against railroad receivers for negligence in operation of a train is removable.

**2. Removal of causes ⊚⊸21—Federal receiver's right of removal is not affected by joinder of other defendants (Judicial Code, § 33 [Comp. St. § 1015]).**

Joinder of other defendants with federal receiver does not prevent his removal of the cause, under Judicial Code, § 33 (Comp. St. § 1015).

At Law. Action by Nora Newell against H. E. Byram and others, as receivers of the Chicago, Milwaukee & St. Paul Railway Company, and others. On motion to remand to state court. Denied.

Samuel A. Anderson, of St. Paul, Minn., for plaintiff.

F. W. Root, C. O. Newcomb, and A. C. Erdall, all of Minneapolis, Minn., for defendants.

MOLYNEAUX, District Judge. This is a motion to remand. This suit was removed to the federal court under Judicial Code, § 33 (Comp. St. § 1015), on the ground that it involved a civil suit brought against officers of the court of the United States on account of acts done by them under color of their office or in the performance of their duties as such officers.

H. E. Byram, Mark W. Potter, and Edward J. Brundage are receivers of the Chicago, Milwaukee & St. Paul Railway Company, so appointed by the United States District Court, Northern District of Illinois, Eastern Division, and by supplemental order they were also appointed receivers of said corporation by the United States District Court, District of Minnesota, Fourth Division. The action is brought to recover for alleged negligence of such receivers in operating a train at or near Minneapolis, Minn., whereby it is alleged that plaintiff sustained an injury.

[1] By an amendment to section 33 of the Judicial Code, now section 1015, U. S. Comp. Stat. 1918, provision is made for the removal of any civil suit against any officer of the courts of the United States for or on account of any acts done under color of his office or in the performance of his duties as such officer. Under the authority of Matarazzo v. Hustis (D. C.) 256 F. 882, and Barnette v. Wells Fargo Nevada National Bank of San Francisco et al., 270 U. S. 438, 46 S. Ct. page 326, 70 L. Ed. 669, I hold that the action is removable to this court. A receiver under the appointment of the federal court is an officer of the court within the purview of this section. Matarazzo v. Hustis, supra.

[2] The joining of more than one defendant does not prevent a receiver appointed by the federal court removing such case under section 33. American Locomotive Co. et al. v. Histed et al., 18 F.(2d) 656, filed on October 19, 1926, with the clerk of the District Court, Western District of Missouri (K. C.).

It is therefore ordered that the motion to remand be and is hereby denied.

## On Reargument.

The motion herein to remand is here on order to show cause, for reargument, the court having previously, by an order dated January 11, 1927, denied the motion to remand. After considering the case of Slover v. Chicago, Milwaukee & St. Paul Ry. Co. (D. C.) 16 F.(2d) 609, I am unable to agree with the conclusion arrived at in that decision. I cannot escape the conclusion that the provision, "when any civil suit * * * is commenced * * * against any officer of the courts of the United States for or on account *of any act done under color of his office or in the performance of his duties as such officer,*" means exactly what it says, and that a suit against a receiver for negligence in the operation of a train is a suit on account of an act done under color of his office.

The wording of the statute, "when any civil suit * * * is commenced * * * against any officer * * * for or on account of any act done under color of his office," would include any official act of such officer. Any act done by him in the performance of his duties as such officer is an official act. So the operation of a train by the receivers in this case is an official act, and this suit, which seeks to hold him liable for the manner in which the train was operated by him or his servants, is a suit "for or on account of any act done under color of his office." It is asserted in this suit that the receiver was operating the train negligently. The suit calls in question the manner of operating a train, and therefore questions his official act in operating a train.

I therefore reaffirm my former holding.