### BERENS v. BYRAM et al.

District Court, D. South Dakota.  May 27, 1927.

1. **Removal of causes ⟨⟩21—Congress has power to provide for removal of suits against federal officers or officers appointed by its courts, or for acts in discharging their duties.**

Congress has power to provide by statute that all suits against officers of United States, or officers appointed by its courts as such, or for acts done by them in the discharge of their duties, shall be brought in or removed into United States courts for trial, irrespective of amount involved, and citizenship, nationality, or residence of parties.

2. **Removal of causes ⟨⟩19(9)—Right to remove personal injury action against railroad's receivers appointed by federal court is purely statutory.**

Right to remove action for personal injuries against railroad's receivers appointed by federal court from state court to federal court is purely statutory.

3. **Removal of causes ⟨⟩19(9)—Action under Federal Employers' Liability Act against railroad's receivers appointed by federal court held removable as action against federal court officer (Federal Employers' Liability Act, § 7, and § 6, as amended by Act April 5, 1910, § 1 [45 USCA §§ 56, 57]; Jud. Code, § 33, as amended by Act Aug. 23, 1916 [28 USCA § 76]).**

As respects right to remove action under Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665) for personal in-

jury against railroad's receivers appointed by federal court from state court to federal court, section 6, as amended by Act April 5, 1910, § 1 (45 USCA § 56; Comp. St. § 8662), prohibiting removal of such an action from state court to federal court must be construed with Judicial Code, § 33, as amended by Act Aug. 23, 1916 (28 USCA § 76), authorizing removal to federal courts of actions against officers of federal courts, and so far as inconsistent therewith was repealed by the latter act, in view of Federal Employers' Liability Act, § 7 (45 USCA § 57; Comp. St. § 8663), and such action is therefore removable as one against officers of federal court.

**4. Statutes ☞176—Congress must be presumed to have intended plain meaning of language used in statute.**

It must be presumed that Congress intended the plain meaning of language used in statute, and it is duty of courts to give such meaning effect, and not to amend or repeal statutes by construction.

At Law. Action by Ed. Berens, Jr., against H. E. Byram and others, receivers of the Chicago, Milwaukee & St. Paul Railway Company. On plaintiff's motion to remand to state court. Motion denied.

E. E. Wagner, of Mitchell, S. D., for plaintiff.

Hepperle & Fuller, of Aberdeen, S. D., for defendants.

ELLIOTT, District Judge. I have considered the issues presented upon plaintiff's motion to remand this cause from the United States District Court, District of South Dakota, to which it was removed by defendants from the state circuit court. The real contention of the plaintiff is that the suit is under the Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), which contains an express provision prohibiting removal.

The defendants in this case were at the time of the alleged injury of plaintiff, and are, the receivers of the Chicago, Milwaukee & St. Paul Railway Company, duly appointed by the United States District Court in and for the Northern District of Illinois, Eastern Division thereof, having qualified, and thereafter, on or about the 18th day of March, 1925, in an ancillary proceeding in the same action and proceedings, defendants were appointed receivers of the Chicago, Milwaukee & St. Paul Railway Company in the District Court of the United States for the District of Minnesota, in the Eighth Judicial Circuit of the United States, and a duly authenticated copy of said order was on that date duly filed in the office of the clerk of the United States District Court within and for the District of South Dakota, and thereafter defendants duly qualified as said receivers and entered into possession and operation of the said railway company under the direction of the said District Courts of the United States, and not otherwise; that in November, 1926, plaintiff began an action against petitioners, as receivers, in the circuit court, Fourth judicial circuit of the state of South Dakota, pleading a cause of action for personal injury while engaged in the service of the defendants in the operation of said railway system; that the cause of action as stated in plaintiff's complaint was for personal injury alleged to have been sustained by reason of the negligence of the defendants in the operation of said railway properties, on June 27, 1925, at Woonsocket, S. D., and conforms in all material matters to the allegations necessary to bring plaintiff's cause of action within the provisions of the Federal Employers' Liability Act.

Subsequently the petition for removal and the proceedings had on removal were made by these defendants, as receivers of the said railway, under section 33 of the Judicial Code, as amended by the Act of August 23, 1916, c. 399, 39 Stat. 532, 1918 Supp. Fed. Stat. Ann. (2d) 401 (28 USCA § 76). The removability of this case is dependent entirely upon a proper construction of the Federal Employers' Liability Act, together with said section 33 of the Judicial Code, as amended by Act of Congress approved August 23, 1916, Comp. St. § 1015 (28 USCA § 76), and the question of the right of defendants to remove this case is narrowed to the inquiry whether the prohibition of removal contained in the Federal Employers' Liability Act prohibits the removal of this case under said section 33.

Necessarily this involves a consideration of the terms of these acts, the date of their enactment, respectively, by Congress, the natural purpose of the enactments and amendments, and a fair, reasonable interpretation of the language of the enactments. The original Federal Employers' Liability Act was enacted by Congress and approved April 22, 1908. 8 Fed. Stat. Ann. (2d) 1208. Section 6 of this act originally read:

"That no action shall be maintained under this act unless commenced within two years from the date the cause of action accrued."

This was amended by Act of Congress April 5, 1910, c. 143, § 1, 36 Stat. 291, to read as follows:

"Under this act an action may be brought in a Circuit Court of the United States, in the district of the residence of the defendant, or

in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States." 45 USCA § 56; Comp. St. § 8662.

Section 7 of the act last named provides: "That the term 'common carrier' as used in this Act shall include the receiver or receivers or other persons or corporations charged with the duty of the management and operation of the business of a common carrier." 45 USCA § 57; Comp. St. § 8663.

As originally enacted section 33 of the Judicial Code of the United States above referred to, contained no provision for the removal of any suit or prosecution against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer. On August 23, 1916, more than six years after the passage of the Federal Employers' Liability Act, and after its amendment in 1910, Congress amended said section 33, so that, in addition to the provision that was made in section 33 for the removal of actions against revenue officers, or officers of either house of Congress, in the discharge of their official duty in executing any order of said house, there was added the words:

"Or against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer."

So that said section 33, as amended, in so far as it is material here, then read and now reads:

"That when any civil suit or criminal prosecution is commenced in any court of a state against * * * any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer, * * * the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the District Court" of the United States "next to be holden in the district where the same is pending upon the petition of said defendant to said District Court and in the following manner."

Then following is the procedure for removal, and I do not understand that there is any contention here that defendants did not comply with this procedure in this case.

[1] Subordinate federal courts are created by Congress, their powers and jurisdiction prescribed (within constitutional limits) the jurisdiction within which suits in such court shall or may be brought, and specifies the causes which may be removed into federal courts, assuming federal jurisdiction of the subject-matter, and also the mode and manner of such removal. Congress has power to say, by statute, that all suits against officers of the United States, or against officers of or appointed by its courts as such, or for acts done by them in the discharge of their duties, shall be brought in the federal courts, or if brought in the state courts, that such suits may be removed into United States courts for trial, irrespective of the amount involved or in controversy, and irrespective of citizenship or nationality or of the residence of the parties. Matarazzo v. Hustis (D. C.) 256 F. 882.

[2, 3] The exercise of this power seems the plain intent and purpose of Congress in the enactment of section 33 of the Judicial Code and its amendment, and the defendants in this action are within the plain terms of the amendment. This right to remove a cause of the character in question here, commenced in the state court, is purely statutory, and the provisions of the amendment of August 23, 1916, to said section 33, could have no other intent or purpose.

This doctrine is applicable to the facts in this case because it must be conceded that the case involves matters to which the judicial power of the United States extends, the only question being whether or not Congress, by the legislation above referred to, intended to and did provide for the removal of a cause brought under the Federal Employers' Liability Act.

Receivers appointed by the United States courts are officers of the court appointing them. These defendants were appointed receivers by the court above named, and then in this court, and they are officers of this court, duly appointed by it, and also of the United States District Court, District of Minnesota, and the removal is into the District Court of the District of South Dakota, as the suit is pending in this district. Clearly the defendants are sued for acts done by them while performing their duties in conducting the business of the railway which they have been authorized and directed to do. Matarazzo v. Hustis, supra, with citations, 888.

Under this section 33, as amended in 1916, citizenship, residence and amount in controversy are immaterial when the suit is

against "any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer." This amendment was made to protect officers of the courts of the United States from suits in the state courts in any such case by enabling such officers, when sued for the causes specified, to remove the case.

The Supreme Court of the United States, in Barnette v. Wells Fargo Nev. National Bank, 270 U. S. 438, 46 S. Ct. 326, 70 L. Ed. 669, approved the decision in Matarazzo v. Hustis, supra, in which the following language is used:

"But an examination of the bill, which is set forth in the record, shows that the purpose of the suit was to recover land and funds then in charge of the receiver of a court in Alaska which was created by laws of Congress, and derived its powers and authority from those laws. Such a suit was removable under section 28 of the Judicial Code (Comp. St. § 1010 [28 USCA § 71]) as supplemented by the amendment of section 33 by the Act of August 23, 1916, c. 399, 39 Stat. 532 [28 USCA § 76])."

It had been held, prior to the amendment of said section 33, that whether authority to sue a receiver appointed by a federal court is given by the court or conferred by statute, the action arises under the laws of the United States and is removable to a federal court. This question was considered by Taft, Circuit Judge, in Board of Commissioners of Van Wert County, Ohio, v. Pierce (C. C.) 90 F. 764, the opinion being dated December 29, 1898.

Congress continued to recognize the right to remove actions against receivers generally, and the only reason actions brought under the Federal Employers' Liability Act against receivers could not be removed was because of the provisions of that act itself, which continued effective, as amended April 5, 1910, down to August 23, 1916, when Congress enacted this amendment to section 33 of the Judicial Code, specifically providing for removal of any suit, civil or criminal, against any officer of the courts of the United States, for or on account of any act done under color of his office, or in the performance of his duties as such officer. There can, in my judgment, be no serious contention that the defendants in this case do not come within the meaning of the language of this statute. The defendants, as receivers, are officers of the court appointing them. They are being sued for and on account of acts alleged to have been done under color of their office, or in the performance of their duties as such officers. The whole contention of plaintiff in this case in his motion to remand is to entirely disregard this amendment to section 33 of the Judicial Code, and interpret the Federal Employers' Liability Act, as amended April 5, 1910, just as if the Act of August 23, 1916, amending said section 33 of the Judicial Code, had never been passed.

Clearly these statutes must be construed together. The prohibition against removal contained in the Federal Employers' Liability Act, as amended April 5, 1910, is a general statute of the United States, and section 33 as it then existed was entirely consistent with such provision. Section 33 then provided for the removal of actions, criminal and civil, against revenue officers and employees of either house of Congress. This section of the statute is special, Congress thereby authorizing the procedure and assuming the jurisdiction of subjects peculiarly within its power. This amendment was enacted six years after the Employers' Liability Act had been tried, and presumably was founded upon the experience of those years, and, in my judgment, section 33 was so amended to protect officers of the courts of the United States from suits in the state courts in any such case by enabling such officers, when sued for the acts specified, to remove the cause. Certainly this statute applies to all actions against officers of the courts of the United States, for or on account of any act done under color of his office, or in the performance of his duties as such officer. The language is plain and unambiguous, and that it was meant as an amendment to the Federal Employers' Liability Act is made clear by its, in express terms, giving defendants of this particular class the right to remove to the federal court without restriction. Either it means that, or it means nothing. This provision for removal is so inconsistent with the provision in the Federal Employers' Liability Act, in so far as the provisions of that act apply to officers of the courts of the United States, it can, in my judgment, mean nothing except that which is expressed by its plain terms, and clearly gives to these defendants the right to remove in all cases.

The original Federal Employers' Liability Act is a general statute. Section 33 is a particular statute, taking a limited class out of the general class included within the general law. To hold that the defendants in this case are not entitled to removal is to determine that Congress did not mean what it said by the plain terms of the amendment

to said section 33. Such a holding would nullify the amendment in so far as it is applicable to the class of officers of the court to which these defendants belong. To do this it is necessary to read into this amendment to section 33 an exception which does not exist, and cannot be deduced as the intent of Congress from anything that is contained in the act.

[4] On the other hand, it must be presumed that Congress intended the plain meaning of the language used in the statute, and that such interpretation should carry its force and effect to all defendants reasonably within its terms. If the amendment to section 33 is to have any force, or is to be given any effect, it must be held to apply to all alike who are included within its terms. In Sweet v. United States (C. C. A.) 228 F. 421, Senior Circuit Judge Sanborn said:

"When a statute is plain and its meaning is certain, construction has no place or office. The conclusive legal presumption is that the legislative body meant what it said, and the duty of the courts is to give effect to its acts, not to amend or repeal them. * * * And where a legislative body makes a plain grant or provision, and makes no exceptions to it, the legal presumption is that it intended to make none, and it is not the province of the courts to do so. * * * Such a procedure would pass the bounds of construction, and would constitute reprehensible judicial legislation."

I am therefore of the opinion that these defendants, officers of the United States District Court for the District of South Dakota, have the right to remove this cause into the United States District Court, under the provisions of section 33 of the Judicial Code as amended, and, having exercised that right in the manner provided by the terms of the statute, the motion to remand should be denied.