### ELLIOTT v. WHEELOCK et al.

District Court, W. D. Missouri, W. D. July 16, 1929.

No. 7363.

Madden, Freemen & Madden and J. Vernet Jones, all of Kansas City, Mo., for plaintiff.

Charles M. Miller, of Kansas City, Mo., for defendants.

REEVES, District Judge. Plaintiff brought her suit under the provisions of chapter 2, tit. 45, United States Code (45 USCA §§ 51–59). This is commonly referred to as the Federal Employers' Liability Act. Admittedly there is a diversity of citizenship and requisite amount in controversy. The defendants are federal receivers for the railroad company. The cause was duly removed to this court on the ground that such was the right of federal receivers in all cases, and this memorandum opinion is written on plaintiff's motion to remand.

It is contended by the plaintiff that section 56, tit. 45, United States Code (45 USCA), forbids the removal of litigation of this character from a state to the national court, notwithstanding the factors of diversity in citizenship and requisite amount in controversy. The following is the language of the statute:

"And no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

This enactment was approved April 22, 1908. By section 57, tit. 45, United States Code (45 USCA), a common carrier, as used in the chapter covering the subject, was made to "include the receiver or receivers or other persons or corporations charged with the duty of the management and operation of the business of a common carrier."

The defendant receivers asserted the right of removal to this court by reason of section 76, tit. 28, United States Code (28 USCA), formerly section 33 of the Judicial Code. Pertinent language of that section is as follows:

"When any civil suit * * * is commenced in any court of a State * * * against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer, * * * the said suit * * * may at any time be-

fore the trial or final hearing thereof be removed for trial into the district court next to be holden in the district where the same is pending upon the petition of such defendant to said district court."

The words contained in said section 76, "or against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer," were inserted as an amendment of said section in the year 1916.

It will be observed from the foregoing that a question is sharply presented as to the rights of the parties under the two enactments.

■ 1. Under the Federal Employers' Liability Act, the federal court is granted jurisdiction without regard to the amount in controversy or the question of a diversity of citizenship. Concurrent jurisdiction is given to any state court in all such cases.

By the provisions of the act, removal from a state court is forbidden even though there might be a diversity of citizenship and an amount in controversy within the jurisdiction of the federal court. The said Liability Act contemplated that suits thereunder could proceed against receivers, whether state or federal, in the event the carrier was being operated or managed by a receiver or receivers.

It will be observed that this is a special enactment and is within the congressional power to regulate commerce between the states. Independently of other provisions of the law, a federal court receiver would have no right to remove an action brought under this act or chapter from a state to a national court.

■ 2. However, said section 76, tit. 28, U. S. Code, provides that any civil suit "against any officer of the courts of the United States" because "of any act done under color of his office or in the performance of his duties as such officer, * * * may at any time before the trial or final hearing thereof be removed for trial into the district court." This amendment was adopted eight years after the enactment of the Liability Act which forbade removal.

The Judiciary Committee of the National House of Representatives, in proposing the said amendment to section 76, tit. 28, United States Code, then section 33 of the Judicial Code, reported, among other things, as follows:

"The purpose of the proposed amendment is to extend the provisions of Section 33 uniformly to officers of the courts of the United States, not only in cases arising under the revenue laws, but in all cases, giving to them the same protection in all cases now given to officers acting under the revenue laws, and to officers of Congress."

The interpretation placed upon this provision by the writer was expressed in Slover v. Chicago, M. & St. P. Ry. Co. (D. C.) 16 F.(2d) 609. The opinion was there expressed that said section undertook to protect such officer in his personal capacity rather than in his representative or trust relationship. No reason appears to recede from that position. However, the Court of Appeals, Eighth Circuit, in Newell v. Byram et al., 26 F.(2d) 200, took a broader view as to the meaning of said section, and definitely decided that a federal receiver in all suits against his trust, without regard to the question of value or citizenship, had the right to remove such suits to the federal court for trial. This decision is authoritative and binding upon the District Court, even if in error as to the law.

■ 3. The present action, as stated, is under the Federal Employers' Liability Act. That act in general terms forbids removal, even though it be against the receiver of a common carrier. Under the broad construction, placed by our Court of Appeals upon section 76, tit. 28, United States Code, a federal receiver has absolute right in all civil actions against him, however trivial, at any time before the trial, to remove such action to the District Court, provided, of course, that such civil suit is "for or on account of any act done under color of his office or in the performance of his duties as such officer."

The court is therefore concerned with one statute which forbids a removal and another according to authoritative construction clearly permitting it. The District Judges for the district of Minnesota, having before them cases under the Employers' Liability Act, delivered a per curiam opinion in Knapp v. Byram et al., Meisenhelder v. Byram, Tighe v. Byram, Ford v. Byram (D. C.) 21 F.(2d) 226, wherein they specifically held that the amendment to said section 76 of the Judicial Code did not have the effect to repeal the provisions of the Federal Employers' Liability Act, which forbade removal. Accordingly, they remanded the cases considered by them in said opinion.

Hon. James D. Elliott, United States District Judge for the district of South Dakota, in an opinion (Berens v. Byram), dated May 27, 1927, but reported in 26 F.(2d) 953, took the opposite view. He held that the amendment to said section 76 of the Judicial Code had the effect to repeal inconsistent provi-

sions of the Federal Employers' Liability Act and that the right to remove existed notwithstanding the fact that the suit was under the provisions of the Federal Employers' Liability Act.

The Court of Appeals in Newell v. Byram et al., supra, cited with approval this holding, although that question was not present.

4. This court is constrained to the opinion that, if said section 76, tit. 28, United States Code, contemplates the removal to the federal court of some receivership cases, as considered by the Court of Appeals in Newell v. Byram et al., it must follow that all cases may be removed, including suits brought under the Federal Employers' Liability Act. The amendment of 1916 to former section 33 of the Judicial Code, now section 76, tit. 28, United States Code, repeals by implication inconsistent provisions of the Federal Employers' Liability Act.

Accordingly, the motion to remand will be denied.