## SMITH v. UNITED STATES (two cases).*
### Nos. 6329, 6330.

Circuit Court of Appeals, Fifth Circuit.
May 17, 1932.

*Rehearing denied June 29, 1932.

See, also, 43 F.(2d) 173.

Henry E. Kahn, of Houston, Tex., for appellant.

H. M. Holden, U. S. Atty., of Houston, Tex.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from convictions on two indictments charging violations of the National Prohibition Act (27 USCA). The only error assigned is that the trial court erred in sustaining a demurrer to appellant's plea of immunity from prosecution. The facts as alleged in that plea as a bar to both indictments are these: A prohibition agent named Cheatham was indicted in a state court of Texas for transporting intoxicating liquor in violation of a statute of that state (Pen. Code 1925, art. 666). Upon Cheatham's application, the case against him was removed to the federal District Court, where it was prosecuted by the state attorney, and defended by the United States attorney, pursuant to 28 USCA § 76. Appellant appeared as a witness at that trial and testified for the prosecution, in obedience to a subpoena. On his direct examination he testified, without objection on his part, that he caused two other men to place in an automobile liquor which Cheatham later transported, and also that he was under indictment for violating the federal prohibition law. But none of his evidence even remotely related to the facts of the instant cases. On cross-examination, after his claim of privilege to refuse to answer was overruled, he made the general admission that he and the two men who put the liquor in the automobile for Cheatham to get were in the liquor business together.

The prohibition agent Cheatham was entitled to have the case against him removed to the federal court. Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449. But the removal merely changed the forum; the case still remained a state case, and did not become one charging a violation of the National Prohibition Act. Tennessee v. Davis, 100 U. S. 257, 25 L. Ed. 648; Carter v. Tennessee (C. C. A.) 18 F.(2d) 850; Miller v. Kentucky (C. C. A.) 40 F.(2d) 820. Appellant's rights as a witness were therefore precisely the same as they would have been had Cheatham's case been tried in the state court. Article 694 of the Penal Code of Texas provides that no person shall be excused from testifying against one accused of violating the state prohibition laws upon the ground that his testimony will tend to incriminate him, "but no person required to so testify shall be punishable for acts disclosed by such testimony." The immunity thus conferred by the state statute does not protect a witness from prosecution by the United States for violations of the National Prohibition Act, but such witnesses can only claim the immunity granted by the federal statute, 27 USCA § 47; Jack v. Kansas, 199 U. S. 372, 26 S. Ct. 73, 50 L. Ed. 234, 4 Ann. Cas. 689. It doubtless is true that the immunity granted by the just cited federal statute must, in order to comply with the Fifth Amendment, afford protection from prosecution in the state courts. Counselman v. Hitchcock, 142 U. S. 547, 585, 12 S. Ct. 195, 35 L. Ed. 1110; Brown v. Walker, 161 U. S. 591, 16 S. Ct. 644, 40 L. Ed. 819. The section of the National Prohibition Act granting immunity (27 USCA § 47) meets this test, as it completely protects from prosecution any natural person who, in obedience to a subpoena of any court in any suit or proceeding growing out of any violation of that act, testifies concerning any transaction, matter, or thing under investigation. Although the language used is broad enough to include witnesses for the defense, it was clearly intended to protect only witnesses who appear in obedience to a subpoena and testify truthfully on behalf of the government. United States v. Ernest (D. C.) 280 F. 515; Brady v. United States (C. C. A.) 39 F.(2d) 312. Appellant was a witness, not for the United States, but for the state of Texas, and therefore he does not bring himself within the protection of the federal immunity statute. Besides, since his testimony in Cheatham's case had no relation or relevancy to the charges upon which he was tried and convicted, his plea of immunity presented no defense. Heike v. United States, 227 U. S. 131, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128. It affirmatively appears that the government has not taken any advantage of him, or sought to punish him for anything he did in connection with the offense of which Cheatham was convicted, or to use any of his testimony in Cheatham's case against him.

The judgments are affirmed.