## RUFF v. GAY.

District Court, S. D. Georgia, Augusta Division.

April 3, 1933.

Thos. W. Hardwick and I. S. Peebles, Jr., both of Augusta, Ga., for plaintiff.

Hitch, Denmark & Lovett, of Savannah, Ga., for defendant.

BARRETT, District Judge.

The receiver of the Savannah & Atlanta Railway was appointed by the United States District court for the Southern District of Georgia.

Major Ruff brought suit in the state court against said receiver to recover damages for the alleged negligent killing of his son by the agents of the receiver by operating a

train on the line of said railway. Acting under the authority of section 76 of title 28, USCA, R. S. § 643, said case was removed by the receiver to the United States District Court of the division in which is included the county where such suit was brought.

Plaintiff moves to remand said cause upon the following grounds:

1. The defendant is not "an officer of the courts of the United States," within the purview and true intent of said section 76.

2. Because said suit is not a civil action against the defendant "for or on account of any act done under color of his office, or in performance of his duties as such officer" within the purview of such section.

3. Because said suit was brought against such receiver "in respect to acts or transactions of his in carrying on the business connected with such property," and such action was properly brought in the state court within the purview and true intent of section 125 of title 28, USCA, and is therefore not removable.

4. Because this court has no power to remove said suit from the state court and no jurisdiction to hear and determine the same.

It is important to understand exactly the language and the dates of the respective statutes involved.

The aforesaid section 125, which is the Act of March 3, 1887, § 3, as amended on August 13, 1888, § 3 reads as follows: "Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

At the date of the enactment of said section 125, the relevant parts of section 76 read as follows: "When any civil suit or criminal prosecution is commenced in any court of a State against any officer appointed under or acting by authority of any revenue law of the United States, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer or other person under any such law, or is commenced against any person holding property or estate by title de-

rived from any such officer and affects the validity of any such revenue law" said suit or prosecution may by prescribed proceedings be removed to the appropriate United States court."

On August 23, 1916, the said section was amended by incorporating therein after the last words of the aforesaid quotation, namely, "revenue law," the following: "*  *  * or against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer."

■ 1. It is both appropriate and convenient to deal with grounds 1 and 2 of the motion to remand in this one section. "It is frequently and authoritatively said that a receiver is an officer of the court appointing said receiver." Clark on Receivers, § 34, citing, among many other authorities, Porter v. Sabin, 149 U. S. 473, 13 S. Ct. 1008, 37 L. Ed. 815; Stuart v. Boulware, 133 U. S. 78, 10 S. Ct. 242, 33 L. Ed. 568; Booth v. Clark, 17 How. (58 U. S.) 322, 15 L. Ed. 164; Quincy, etc., Railway Co. v. Humphreys, 145 U. S. 82, 12 S. Ct. 787, 36 L. Ed. 632; Union Bank v. Kansas City Bank, 136 U. S. 223, 10 S. Ct. 1013, 34 L. Ed. 341; Atlantic Trust Co. v. Chapman, 208 U. S. 360, 28 S. Ct. 406, 52 L. Ed. 528, 13 Ann. Cas. 1155.

Among other allegations in the original petition in this case are the following:

"*  *  * The defendant, Charles E. Gay, Jr., was appointed as Receiver of said Railway Corporation by the judge of the United States Court of the Southern District of Georgia, in the exercise of equity powers of that Court and since said date [date of appointment], said defendant as such Receiver· has been engaged in carrying on the business connected with such railway property, to wit: the operation of the same as a railroad.

"That while so engaged in operating said railroad property as such Receiver, the said defendant injured and damaged the plaintiff in the sum of Five Thousand ($5,000) Dollars by reason of the facts hereinafter alleged."

In view of such allegations and decisions. it is difficult to understand upon what bases can be soundly rested the contentions either that the receiver is not an "officer of the courts of the United States" or that the original action in this case was not "for or on account of any act done under color of his office or in the performance of his duties as such officer."

There is abundant authority that a receiver is such an officer of court. Matarazzo v. Hustis (D. C.) 256 F. 882, 887; American Locomotive Co. v. Histed (D. C.) 18 F.(2d) 656; Newell v. Byram (D. C.) 18 F.(2d) 657; Id. (C. C. A. 8th) 26 F.(2d) 200; Berens v. Byram ·(D. C.) 26 F.(2d) 953; Elliott v. Wheelock (D. C.) 34 F.(2d) 213; Barnette v. Wells Fargo Nevada National Bank, 270 U. S. 438, 46 S. Ct. 326, 330, 70 L. Ed. 669.

2. Grounds 3 and 4 of the motion to remand are dealt with together.

Movant urges that such section 125 is a special act dealing only with suits "in respect of any act or transaction of his in carrying on the business connected with such property," and that the general act of 1916, amending said section 76, cannot have the effect of repealing said section 125, under the well-established principle that a prior special act is not repealed by a subsequent general act unless it is specifically so declared or "the implication to that end be irresistable." Rodgers v. United States, 185 U. S. 83, 22 S. Ct. 582, 46 L. Ed. 816; Petri v. F. E. Creelman Lumber Co., 199 U. S. 487, 26 S. Ct. 133, 50 L. Ed. 281; Ex parte United States, 226 U. S. 420, 33 S. Ct. 170, 57 L. Ed. 281; Washington v. Miller, 235 U. S. 422, 35 S. Ct. 119, 59 L. Ed. 295.

It is further urged by movant that in view of the decision of the Supreme Court of the United States in Gableman v. Peoria, etc., Railroad Co., 179 U. S. 335, 21 S. Ct. 171, 172, 45 L. Ed. 220, and especially in view of the subquoted statement by Chief Justice Fuller, the whole purpose of the act of 1887–1888 would be defeated if the right of removal existed and that therefore the intention to repeal such special act by implication does not exist, and that if Congress had intended so to repeal such act it would have explicitly done so.

For appreciation of the cogency of this argument it is essential to exactly understand the Gableman Case. This case was before the Supreme Court on a certificate which states that the receiver removed the cause into the circuit, on his sole petition, "upon the ground that it was a case arising under the Constitution and laws of the United States"; and again, "The receiver rested his contention that the case arose under the Constitution and laws of the United States on the single ground of his appointment by the Federal court. * * *"

It is thus manifest that the question for determination was in exceedingly narrow limits, namely: Did the appointment of a receiver by a federal court cause all of his actions as such receiver to arise "under the Constitution and laws of the United States"?

The inevitable sequitur from this is that all statements not involved in the decision of this one question are obiter. The decision was that such appointment of a receiver did not have such effect.

In discussing the said act of 1887–1888 the Chief Justice, on page 338 of 179 U. S., 21 S. Ct. 171, 172, 45 L. Ed. 220, used this language:

"This act abrogated the rule that a receiver could not be sued without leave of the court appointing him, and gave the citizen the unconditional right to bring his action in the local courts, and to have the justice and amount of his demand determined by the verdict of a jury. He ceased to be compelled to litigate at a distance, or in any other forum, or according to any other course of justice, than he would be entitled to if the property or business were not being administered by the Federal court.

"The object of the section is manifest, and it is equally plain that that object would be open to be defeated if the receiver could remove the case at his volition. The intention to permit this to be done cannot reasonably be imputed to Congress, and, moreover, such a right would be inconsistent with the general policy of the act."

It is respectfully submitted that the statements contained in the last quoted paragraph are obiter. Even if the right of removal had been embodied in the act of 1887–1888, there would have been at least two most important rights accorded to plaintiffs. First, because even if removal were allowed it would be in the proximate neighborhood of the plaintiff, because the removal must be to the District Court in whose territory the county where the suit was brought is located, relieving of the necessity of going into some distant jurisdiction, and frequently into another state, in order to assert one's rights; and, second, the right of a jury trial was preserved. It must follow therefore that the right of removal was not necessarily destructive of the policy evidenced by such act.

Under the foregoing analysis of said act which conclusion is proper: That urged by the movant, that the act of 1887–1888 was a special act and is therefore not repealed by the act of 1916, or that the act of 1916 should have the full effect of its language and therefore it repealed pro tanto such portion of

said act of 1887–1888 as prevented a removal, if said original act had such effect?

The language, as above quoted, of said act of 1887–1888, that the receiver "may be sued in respect of any act or transaction of his in carrying on the business connected with such property," and the language of the said act of 1916, as embodied in said section 76, that any officer of a court of the United States may remove when suit is brought against him "for or on account of any act done under color of his office or in the performance of his duties as such officer," seems to me manifest that the same subject-matter is being dealt with. If it were intended that the act of 1916 should not have effect upon the removability of causes, authorized by the act of 1887–1888, Congress would inevitably have used some exception rather than use in substance the same language dealing with the same subject-matter. This view is strengthened because there is still left as the effects of the act of 1887–1888 the rights above stated.

█ It is further urged by movant that because the act of 1887–1888 and also the amending act of 1916 are both incorporated in the United States Code, Ann., that therefore it was the purpose of Congress not to repeal or modify the act of 1887–1888. It does not so appear to me. No one contends that the act of 1887–1888 was repealed totally by the removability act of 1916, and it was mandatory that the act of 1887–1888 should be incorporated in such Code. It was the imperative duty of the codifiers to incorporate all existing statutes and not to act as a court in determining what or to what extent there was conflict or repeal.

For a further discussion of the issue here dealt with see Newell v. Byram (C. C. A.) 26 F.(2d) 200, 202, and cases there cited.

Unless the decision of the Supreme Court in Barnette v. Wells Fargo Co., supra, is misconceived, this question is decided definitely by the highest court. In the first place, the suit therein involved was not a question of possession of property that was turned over to the receiver at the time of his appointment, but was an action that was alleged to have arisen by fraud on the part of the receiver (predecessor of the one sued) in obtaining certain property by duress, and therefore arose "for or on account of any act done under color of his office or in the performance of his duties as such officer." While it is true that it is recognized, both in the opinion of the court and in the dissenting opinion, that the record did not affirmatively disclose the authority for the removal from the state court to the United States court, the court states (after the following: " * * * we think the presumption should be indulged that the removal was rightly taken, and that the District Court had jurisdiction"): "The plaintiff contended and the District Court held that, even if there had been no such leave, the suit could be maintained under the legislative permission given in section 66 of the Judicial Code (28 USCA § 125); but we need not consider that question."

It thus affirmatively appears that the Supreme Court did know that the District Court had decided that the aforesaid section 66 had the effect contended for by the receiver here and took no exception to such conclusion.

The motion to remand is denied.