## RUFF v. GAY.
### No. 7008.

Circuit Court of Appeals, Fifth Circuit.
Nov. 15, 1933.

Isaac S. Peebles, Jr., and Thomas W. Hardwick, both of Augusta, Ga., for appellant.

A. B. Lovett, of Savannah, Ga., and E. P. Davis, of Warrenton, Ga., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Plaintiff Ruff brought this suit in the superior court of Warren county, Georgia, against the defendant Gay, as receiver of the Savannah & Atlanta Railway by appointment of the United States District Court for the Southern District of Georgia, for damages for the death of his son, caused by the negligent operation of one of its trains. A petition filed by the receiver for an order of removal under section 76, 28 USCA, section 33, Judicial Code, as amended, was granted. Ruff's motion to remand was denied, and his suit dismissed for want of prosecution. He appeals.

A judgment of dismissal for want of prosecution is a final judgment, and appealable. Colorado Eastern Ry. v. Union Pacific Ry. Co. (C. C. A.) 94 F. 312; Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144; Zadig v. Ætna Ins. Co. (C. C. A.) 42 F.(2d) 142. After a final judgment a refusal to remand may be reviewed on appeal. Ex parte Roe, 234 U. S. 70, 34 S. Ct. 722, 58 L. Ed. 1217; Wilson v. Republic I. & S. Co., supra.

If the refusal to remand was erroneous, the judgment of dismissal was. That the defendant was an officer of a United States court, and that in the conduct of the business of the railway he was carrying out his duties as an officer of the court, the point so much, and we think so vainly, labored in the Matarazzo Case (D. C.) 256 F. 882, and in the other federal decisions relied on to sustain the action of the lower court, Newell v. Byram (D. C.) 18 F.(2d) 657, Id. (C. C. A.) 26 F.(2d) 200, American Locomotive Co. v. Histed (D. C.) 18 F.(2d) 656, Elliott v. Wheelock (D. C.) 34 F.(2d) 213, goes, we think, without saying. We turn then to a consideration of the controlling question, whether, as appellant contends, the invoked section applies only to actions and proceedings brought personally against the receiver; that is, to hold him responsible in his own person or property (Slover v. Chicago, M. & St. P. Ry. (D. C.) 16 F.(2d) 609), or whether, as appellee contends, it applies also to cases brought against him in his representative capacity, where, "with respect to the question of liability, he stands in place of the corporation," McNulta v. Lochridge, 141 U. S. 331, 12 S. Ct. 11, 13, 35 L. Ed. 796,[1] with the result that all suits against re-

---

[1] "His position is somewhat analogous to that of a corporation sole, with respect to which it is held by the authorities that actions will lie by and against the actual incumbents of such corporations for causes of action accruing under their predecessors in of-

ceivers are now removable. We are certain that the amendment was not intended by the Congress to so result. For fifty years its policy has been to restrict, not to enlarge, federal civil jurisdiction. Particularly has this attitude been manifested in regard to actions against receivers. Act March 3, 1887, § 3 (28 USCA § 125); Gableman v. Peoria Ry., 179 U. S. 335, 21 S. Ct. 171, 45 L. Ed. 220.[2] To us it seems bizarre and fanciful to say that by an amendment of three lines, tucked away in a section of the Code relating entirely to the removal of suits and prosecutions against revenue officers,[3] and officers of the Congress, a section having no relation whatever to receivers nor even generally to removals, it was intended to make a secret breach in the removal laws. A breach which, in entire reversal of the settled policy of restriction, opens the flood gates of the jurisdiction to pour into the federal courts all suits against federal receivers, including, according to some decisions, even those brought under the Federal Employers' Liability Act (45 USCA §§ 51–59), the removal of which is expressly forbidden. Berens v. Byram (D. C.) 26 F.(2d) 953; Elliott v. Wheelock (D. C.) 34 F.(2d) 213, though Knapp v. Byram (D. C.) 21 F.(2d) 226, in the same circuit, is to the contrary. No sounder, safer rule "for the sure and true interpretation of all statutes in general, be they penal or beneficial, restrictive or enlarging of the common law" has ever been laid down than that set out in Heydon's Case.[4] Under it significance and effect must, if possible, be accorded to every word of the statute. Under it, "every part of a statute must be construed in connection with the whole, so as to make all the parts harmonize, if possible, and give meaning to each." Washington Market Co. v. Hoffman, 101 U. S. 112, 116, 25 L. Ed. 782; Ex parte Public Nat. Bank, 278 U. S. 104, 49 S. Ct. 43, 73 L. Ed. 202. So construing the statute, we are left in no doubt that "the mischief and defect" for which the statute, before its amendment, did not provide, was not the failure of the statute to authorize receivers to remove actions, "against the corporation in their name" into the federal court; it was the failure of the statute to extend to officers of the United States courts the privilege of removal which before only revenue officers, and persons acting for them, and for the Congress, had enjoyed. Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449; Smith v. U. S. (C. C. A.) 58 F.(2d) 735; Davis v. South Carolina, 107 U. S. 597, 2 S. Ct. 636, 27 L. Ed. 574. Had the Congress been intending to remove the mischief which the trial court thought the amendment aimed at, that receivers could not remove into federal courts suits "against the corporation by name, 'in the hands of' or 'in the possession of' a receiver," McNulta v. Lochridge, supra, had that been "the true reason of the remedy" no statute more unsuited to afford the remedy because more unrelated to the mischief could have been chosen for amendment, unless indeed the Congress had the intention to make an unsuspected breach in the removal laws by hiding that breach away in a secret place.

But we are not left to construction to determine what its real intention was. Introduced first in the House on April 6, 1916, as H. R. 14299, the amendment was immediately referred to the House Committee on the Judiciary.[5] On May 27[6] it was reported back without amendment, accompanied by H. R. 776, vol. 3. In the light of this report the construction the trial court put on this statute, unreal enough without it, appears yet more unreal. It declared that "outside of typographical corrections, the bill is a recital of the old law, with only one change" by which the words "or against any officer of the courts of the United States for or on account

fice. Polk v. Plummer, 2 Humph. [Tenn.] 500 [37 Am. Dec. 566]; Jansen v. Ostrander, 1 Cow. [N. Y.] 670. If actions were brought against the receivership generally, or against the corporation by name, 'in the hands of' or 'in the possession of' a receiver, without stating the name of the individual, it would more accurately represent the character or status of the defendant. * * * Actions against the receiver are in law actions against the receivership or the funds in the hands of the receiver, and his contracts, misfeasances, negligences, and liabilities are official, and not personal, and judgments against him as receiver are payable only from the funds in his hands." McNulta v. Lochridge, 141 U. S. 331, 332, 12 S. Ct. 11, 13, 35 L. Ed. 796.

[2] See discussion of this point, Barnette v. Wells Fargo Nevada Nat. Bank, 270 U. S. 451, 46 S. Ct. 326, 70 L. Ed. 669.

[3] Tennessee v. Davis, 100 U. S. 257, 25 L. Ed. 648.

[4] "In Heydon's Case in 1584, after all the Barons of the Exchequer had openly argued in court, it was unanimously resolved by Sir Roger Manwood, Chief Baron, and the other Barons of the Exchequer, that for the sure and true interpretation of all statutes in general, be they penal or beneficial, restrictive or enlarging of the common law, four things are to be discerned and considered; (1) what was the common law before the making of the act; (2) what was the mischief and defect for which the common law did not provide; (3) what remedy the Parliament hath resolved and appointed to cure the disease of the commonwealth, and (4) the true reason of the remedy; and then the office of all the judges is always to make such construction as shall suppress the mischief and advance the remedy, and to suppress subtle inventions and evasions for continuance of the mischief, and pro privato comodo, and to add force and life to the cure and remedy, according to the true intent of the makers of the Act, pro bono publico." 3 Co. Rep. 7a (76 English Reports, Full Reprint 637.)

[5] Congressional Record, p. 5619, First Session 64th Congress.

[6] Congressional Record, p. 8830.

of any act done under color of his office, or in the performance of his duties as such officer" are intended to be inserted. "The purpose of the amendment" says the report, is "to extend the provisions of section 33 uniformly to officers of the courts of the United States not only in cases arising under the revenue laws, but in all cases, giving to them the same protection in all cases now given to officers acting under the revenue laws and to officers of the Congress. The omission of such provision from the original Act gives rise to certain incongruities and creates a want of uniformity in the provisions of the law."[7] "The statute, with the proposed amendment, does not extend in any degree the jurisdiction or the powers of the courts of the United States. It merely provides a more orderly method of procedure which enures as much, in fact more, to the benefit of the States than to the benefit of the United States, because it substitutes for the writ of habeas corpus the right of removal, so that instead of a summary discharge under the habeas corpus proceedings the amendment provides for a trial before a court and jury.[8] * * * It will be observed therefore, that the effect of the proposed amendment does not increase or enlarge the jurisdiction of the federal courts, and is confined solely to giving to the officers of the federal courts, in case of prosecution in their official capacity, a regular and orderly right of removal from the state to the federal courts, instead of compelling such officers to resort to the present remedy by writ of habeas corpus, which would require the officers to go into custody in order to obtain the writ."

Without discussion or amendment in either House or Senate, the bill as thus reported was passed.

---

[7] "For example, a United States marshal engaged in the execution of a warrant, or other process of a United States court, in a case which involves the prosecution of a violation of the revenue laws, is entitled to the right of removal now conferred by this statute. Davis v. South Carolina, 107 U. S. 597, 2 S. Ct. 636, 27 L. Ed. 574 (1882). The same marshal engaged in executing process of the same court in a case in which the revenue law is not involved, is not entitled to the right of removal. This creates an anomalous condition, which cannot be justified upon any line of reasoning."

[8] "During the early history of our government the only method by which the supremacy of the Federal law could be maintained in cases in which actions were brought in the State courts against Federal officers, on account of acts done by them in the performance of their duties, was by appeal to the Federal courts from the judgment of the courts of last resort of the States.

"The obvious inadequacy of this remedy by appeal caused the Congress to pass statutes authorizing writs of habeas corpus and these were extended by various enactments. Whitten v. Tomlinson, 160 U. S. 231, 239, 16 S. Ct. 297, 40 L. Ed. 406 (1895)."

Barnette v. Wells Fargo Nevada Nat. Bank, 270 U. S. 438, 46 S. Ct. 326, 70 L. Ed. 669, relied on as supporting the removal, does not do so. Aside from the fact that the holding of the majority opinion, that in the absence of a showing in the record as to the real ground of the removal, it might be assumed that the suit was properly removed under section 33 as amended, was, because of the absence of such showing, a purely suppositious one, and therefore not binding as a precedent, it cannot be determined what the case actually held on the point under discussion here, since it does not appear whether the suit was against the receiver personally, or "against the corporation in his name."[9]

The section invoked by the receiver is without application to this suit; the remand was improperly denied, the suit improperly dismissed.

The judgment is therefore reversed, with directions to set aside the dismissal and remand the cause to the state court.

---

[9] This is clearly pointed out in the dissenting opinion, pages 449, 450, and 451 of 270 U. S., 46 S. Ct. 326, 70 L. Ed. 669.