PEOPLE OF STATE OF NEW YORK v. BLEECKER ST. & F. F. R. CO. et al.

(Circuit Court, S. D. New York. March 5, 1910.)

1. REMOVAL OF CAUSES (§ 18*)—ACTION ARISING UNDER CONSTITUTION AND LAWS OF THE UNITED STATES.

An action by the people of the state of New York against certain street railroad companies in New York city to forfeit their franchises, granted by the common council of the city pursuant to legislative authority, was not removable to the federal courts on the theory that it arose under the Constitution and laws of the United States by reason of the fact that receivers appointed by the federal court to which removal was sought were in possession of the property, rights, and privileges of a lessee of the property of the companies whose franchises were sought to be forfeited.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 18.*]

2. COURTS (§ 489*)—FEDERAL COURTS—JURISDICTION—CORPORATE FRANCHISES—FORFEITURE.

A federal court has no jurisdiction to forfeit the franchises of a street railroad company granted by a city council under legislative authority of a sovereign state.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 489.*]

3. REMOVAL OF CAUSES (§ 19*)—RECEIVERS—PERMISSION TO SUE—PREMATURE SUIT.

That no consent had been obtained to sue federal receivers of a street railroad company operating as lessee the lines of other railroad companies whose franchises plaintiff sought to forfeit, or that the suit was prematurely brought, did not warrant a removal of the cause to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 19.*]

Action by the People of the State of New York against the Bleecker Street & Fulton Ferry Railroad Company and others. On motion to remand to the Supreme Court of the State of New York. Granted.

Wm. R. O'Malley, Atty. Gen., for plaintiff.

Masten & Nichols and Wollman & Wollman, for defendants.

COXE, Circuit Judge. This action was commenced December 22, 1909, in the Supreme Court of New York. The demand for judgment

is that certain franchises granted by the state of New York to the defendant railroad companies by virtue of the acts of the state Legislature passed in 1860, and 1873, and a resolution of the common council of the city of New York adopted December 20, 1884, be forfeited, vacated and annulled on the ground that the defendants have failed to operate under the, said franchises as required by statute and have violated the laws of the state and the ordinances of the city and have abandoned all rights and privileges under the said franchises.

On January 7, 1910, all of the defendants, except the city of New York, united in presenting a petition to the Supreme Court of New York praying for the removal of the cause to this court, upon the ground that the defendants Joline and Robinson were by this court duly appointed receivers of the Metropolitan Street Railway Company, lessee of the defendant railroad companies, and were authorized and directed to exercise the franchises and operate the lines mentioned in the complaint.

All of the parties to this action are citizens of New York. The plaintiffs now move to remand. The action was removed upon the theory that it arises under the Constitution and laws of the United States by reason of the fact that receivers appointed by this court are now in the possession of the property, rights and privileges of the Metropolitan Company and its leased lines.

I am unable to assent to the defendants' contention in this regard. The nature of the action must be ascertained from the complaint. That its sole purpose is to have certain franchises, granted by the state, forfeited because of noncompliance with the state law, cannot be doubted. A court which has no jurisdiction to grant such relief has no jurisdiction of the action.

Assuming that the state court would enter a decree pending the receivership it would interfere with no tangible property in the receivers' hands. It would simply declare the franchises forfeited and nothing more. I do not understand that it is argued that this court can make a decree annulling a franchise granted by a sovereign state. If it can do so, it follows that the courts of one state may destroy the franchises of sister states; a proposition so revolutionary that it need not be considered seriously. Whatever defenses the defendants may have are as available in the state court as in this court.

It is argued that the plaintiffs should have obtained the consent of this court before commencing the action. It is by no means certain that under the provisions of the act of 1887-8 such consent was necessary, but assume that it was; how then stands the case?

Having in mind that the sole question now to be considered is whether the cause was properly removed to this court, it is not easy to perceive what bearing the failure to obtain permission to sue has upon this question.

I am familiar with no law which permits the removal to this court of a suit because it was prematurely or improperly brought in the state court. The question can be tested in the state court, or, perhaps, by contempt proceedings, but the dismissal of the action in the state court because begun without leave does not help the jurisdiction of this

court. In other words, the cause cannot find a resting place here simply because the state court throws it out for the reason that it was brought without leave.

It is, however, unnecessary to discuss the many questions mooted in the briefs. It is sufficient to say that, in my judgment, if the action be retained and the facts adduced warrant a forfeiture of the state franchises, this court will be powerless to enter such a decree.

The motion to remand is granted.