PEEK v. BOSTON & M. R. R.

(District Court, N. D. New York. May 17, 1915.)

1. Removal of Causes ⊚⇒3—Suits Removable—Action under Employers' Liability Act.

Under Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1913, § 1010), which expressly provides that no case arising under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]), or any amendment thereto, brought in any state court of competent jurisdiction, shall be removed, such an action is not removable, notwithstanding the fact that diversity of citizenship exists and the requisite amount in controversy is involved.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. ⊚⇒3.]

2. Commerce ⊚⇒8—Action for Injury to Servant—Law Governing.

If the complaint in an action by an employé against a railroad company states two causes of action, one under a state law and one under the federal Employers' Liability Act, but also shows that at the time of the

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

injury complained of both plaintiff and defendant were engaged in interstate commerce, the federal statute controls the liability and right of recovery.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. ☞8.]

At Law. Action by Robert E. Peek against the Boston & Maine Railroad. On motion by plaintiff to remand to Supreme Court of New York, Saratoga County. Motion sustained.

Leary & Fullerton, of Saratoga Springs, N. Y., for the motion.
Jarvis P. O'Brien, of Troy, N. Y., opposed.

RAY, District Judge. The plaintiff is a resident and citizen of the state of New York. The defendant is a foreign corporation, organized and existing under the laws of the commonwealth of Massachusetts, but does business in the state of New York, into which state its tracks and railroad bed extend, and over which the defendant does business in interstate commerce by the transportation of freight and passengers. These tracks run from Mechanicville, Saratoga county, N. Y., through East Deerfield, Mass., to Boston, Mass. At the time the plaintiff received the injuries complained of he was employed by the defendant as a fireman on said railroad, and was engaged in the performance of his duties on a special freight train drawn by defendant's engine at East Deerfield, Mass., and which engine was at the time moving cars "through defendant's yards at East Deerfield, Mass., bound for Greenfield, Mass., and containing freight and cars bound for points in New York." This is the language of the complaint, and I think is an allegation that the engine, which was not bound for any point in New York, was moving a train of cars in defendant's yards at East Deerfield, which cars were bound for Greenfield, Mass., and contained freight bound for points in New York, and that some of the cars in the train, whether loaded or empty, were also bound for points in New York. Assuming this to be so, the plaintiff was acting as fireman on the engine which was at the time moving cars forward on defendant's tracks to points in New York and other cars containing freight bound for points in New York. Assuming this to be so, the plaintiff was at the time engaged in interstate commerce, and the defendant was also engaged in interstate commerce.

In other places the complaint alleges that both the plaintiff and defendant were at the time engaged in interstate commerce. In stating the acts of negligence complained of, the complaint contains a statement that there was in force and effect in the commonwealth of Massachusetts a statute known as the Workmen's Compensation Act, and the complaint sets out certain provisions of section 1 of that act. This is not set forth as a separate or distinct cause of action, and on the trial the plaintiff would not be allowed to recover under the provisions of that statute of the commonwealth of Massachusetts. This court is of the opinion that no attempt is made in the complaint to set forth a cause of action under the statutes of the state of Massachusetts. The cause of action, if any, is founded on common-law negligence, of which the

defendant was guilty while engaged in transporting freight in interstate commerce and moving cars in interstate commerce, and while the plaintiff was engaged in operating an engine moving the said cars, and who was therefore engaged in interstate commerce. One cause of action is stated, to wit, the negligence set forth.

[1] In Lombardo v. Boston & Maine Railroad, 223 Fed. 427, this court hands down its decision herewith that a case or cause of action arising under the federal Employers' Liability Act cannot be removed into the federal court for trial, notwithstanding the fact that diversity of citizenship and requisite amount in controversy exists, because of the proviso found in section 28 of the Judicial Code, removal section, and which proviso reads as follows:

"Provided, that no case arising under the act entitled 'An act relating to the liability of common carriers by railroad to their employés in certain cases, approved April 22, 1908, or any amendment thereto, and brought in any state court of competent jurisdiction, shall be removed into any court of the United States."

This court held this notwithstanding the decision in Van Brimmer v. Texas, etc., R. Co. (C. C.) 190 Fed. 394. In the Lombardo Case this court held, and here holds, that the language of the proviso is so explicit and sweeping that it would amount to judicial legislation to limit it to cases arising under the federal Employers' Liability Act where diversity of citizenship and requisite amount in controversy, $3,000, do not exist. This court is of the opinion that the cause of action stated in the complaint is one arising under the federal Employers' Liability Act and that the federal statute, section 28 of the Judicial Code, prohibits its removal to the federal court, and that the motion to remand must be granted.

[2] If this complaint contains two causes of action, one under the federal Employers' Liability Act and one under the state law, the federal Employers' Liability Act controls, as both plaintiff and defendant were engaged in interstate commerce, and, Congress having legislated on the subject, the federal statute is paramount. The federal statute controls the liability and right of recovery. See St. Louis, San Francisco, etc., R. Co. v. Seale, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156; Seaboard Air Line v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062; Taylor, as Administrator, v. Taylor, 232 U. S. 363, 34 Sup. Ct. 350, 58 L. Ed. 638; North Carolina R. R. Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159; Michigan Central R. Co. v. Reeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176. In Seaboard Air Line Railway v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, it is expressly held that:

"Since Congress, by the Employers' Liability Act of 1908, took control of the liability of carriers engaged in interstate transportation by rail to employés injured while engaged in interstate commerce, all state laws upon the subject have been superseded.

Other prior cases hold the same. There will be an order remanding the cause.