(75 South. 986)

## ALABAMA GREAT SOUTHERN R. CO. v. BONNER. (6 Div. 430.)

(Supreme Court of Alabama. May 10, 1917. Rehearing Denied June 7, 1917.)

1. COMMERCE ⊖27(5)—FEDERAL EMPLOYERS' LIABILITY ACT — ENGAGEMENT IN INTERSTATE COMMERCE.

A person employed by a railroad as a member of a posse to search for and apprehend bandits who had robbed an interstate train was not engaged in interstate commerce to fix liability on the road for his death under the federal Employers' Liability Act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657–8665]).

2. SHERIFFS AND CONSTABLES ⊖27—ASSISTING SHERIFF—LIABILITY FOR INJURIES.

Persons engaged in an attempt to aid sheriffs and their deputies in the enforcement of the criminal laws of the state may be liable as for wrongs done to or injuries inflicted upon third parties or upon one another under certain circumstances.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 44.]

Appeal from City Court of Birmingham; John C. Pugh, Judge.

Action by Mrs. Floelle Y. Bonner, administratrix, against the Alabama Great Southern Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

A. G. & E. D. Smith, of Birmingham, for appellant. Harsh, Harsh & Harsh, of Birmingham, for appellee.

MAYFIELD, J. The action is to recover damages for wrongful death. Two counts seek recovery under the state statute, and one under the federal Employers' Liability Act. The counts claiming under the state law were eliminated by the trial court. The trial was had under the count based on the federal statute, and resulted in verdict and judgment for the plaintiff. From this judgment defendant appeals, and here assigns several rulings as error. The assignment chiefly relied upon and argued is that as to the count on which the trial was had the defendant was entitled to peremptory instructions.

The facts as to which there is no dispute are briefly as follows:

The defendant is a common carrier engaged in inter and intra state commerce. Shortly before the deceased met his death one of the defendant's trains engaged in interstate commerce was held up and robbed. The defendant's agents, as soon as possible, notified the

sheriffs and police officers in several counties near the scene of the robbery, and these officers, in turn, notified others, and posses were thus organized to pursue and apprehend the bandits. The defendant, through its agents and agencies, assisted the officers of the law in the endeavor to apprehend and arrest the robbers. It aided in organizing or facilitating the posses, in that it notified the officers and requested the search, and furnished transportation and conveyances to members of the posses from their homes to the scene of the robbery and to points in the vicinity where it was thought probable that the robbers might be apprehended.

Deceased was not an officer, but, at the request of defendant's agents, went with a posse to conduct and control some dogs, bloodhounds, belonging to a friend, this friend consenting to the use of his dogs on the condition that deceased should go with them. A posse, composed of a number of deputy sheriffs from Jefferson county, some from Montgomery county, and possibly some from other counties, including deceased, was carried by the defendant in one of its cabooses from Birmingham, Bessemer, and other points to the scene of the robbery and to other points on its line near there, for the purpose of hunting the robbers, who were supposed to be in the woods or hiding in other places. The train, having reached a point on defendant's line in Tuscaloosa county known as Box Springs, about 50 miles from Birmingham, was stopped to allow the party, or a part thereof, to alight and search that vicinity. While they were thus alighting from the caboose, a gun in the hands of a deputy sheriff named Cope was by him accidentally or negligently discharged, resulting in the death of plaintiff's intestate.

There is a dispute or contention as to whether this posse was in the charge or under the control of one Ball, a special agent of the defendant, or was under the orders of one of the officers of the law, a sheriff or deputy sheriff. As we view the case, this question is wholly immaterial. So far as a proper decision is concerned, it is unnecessary to decide whether or not there was evidence to support the finding that the relation of master and servant, or that of employer and employé, existed between the defendant and the deceased, or between the defendant and the alleged negligent deputy, Cope.

[1] If such a relation between the respective parties be conceded to have existed, in such manner and to such extent as to bring the case within the scope and protection of the federal statute, there would still be lacking another, an indispensable, requisite to the fixing of liability under the federal Employers' Liability Act. It is this: The undisputed evidence shows that the service being performed by the alleged servant (the deceased), nor the business of defendant as for which he was engaged or employed (if he was so engaged by defendant) when he met his death, was not interstate commerce, nor work so related to or connected with interstate commerce as to form a part thereof or to bring the case in hand within the purview of the federal Employers' Liability Act. It was shown without dispute that the only connection or relation that ever existed between deceased and the defendant was that implied by the activity of deceased in this search to apprehend criminals, train robbers. Such an employment is not commerce of any kind, nor is it so related to or connected with interstate commerce as to bring the business or relation within the protection of any of the interstate commerce statutes, such as the one here sought to be invoked, authorizing the recovery of damages for the wrongful death of a servant.

[2] The fact that the train of the defendant which was robbed, was engaged in interstate commerce, or that the defendant was a corporation which did engage in both inter and intra state commerce, did not so connect or relate the search for and pursuit of the criminals who robbed the train with interstate commerce as to bring the act, business, or work of searching for or apprehending such robbers within the protection of the federal Employers' Liability Act. The undisputed evidence shows beyond doubt that the parties alleged to be engaged in interstate commerce at the time deceased met his death were not so engaged, but were engaged in the undertaking of attempting to apprehend and arrest violators of the criminal laws of the state; that is, of searching for, apprehending, and arresting felons. The parties were merely engaged in an attempt to aid the sheriffs and their deputies in the enforcement of the laws of the state. While all engaged in such work may be liable as for wrongs done to, or injuries inflicted upon, third parties, or upon one another, under certain circumstances unnecessary to mention, it is certain that they are not so liable under the federal Employers' Liability Act. If parties who procure such searches for and apprehensions of such felons are to be held liable under this statute as for injuries received by such persons so employed or so aiding in the search or apprehension, then there would seem to be no limit to the fields to which the statute could be extended. If so liable, they would for the same reason be liable if they procured persons to assist in the prosecution of such felons when arrested, if the person so employed was injured while so assisting in the prosecution. We do not believe the last case mentioned would be insisted upon by appellant or any other person as being within the statute in question; yet there is very little, if any, difference between the case supposed and the one here tried in the lower court. Both would be cases of attempting to aid the officers charged with the duty of enforcing the law as against the same offenders, and as

for the same offenses. The apprehension and arrest of such robbers is no more or nearer commerce than would be the prosecution of such offenders, except that the one act may involve the transportation of those so engaged, in a mode or manner different from the transportation of the others, but not necessarily so, as the latter act might involve transporting the persons so engaged to the places of confinement and trial.

We deem it unnecessary to cite or review any authorities on the subject, as we find none like the case in hand. Every case, of course, must depend upon its own particular and peculiar facts, whether it is within or without the statute in question, and we feel sure that the case in hand is not within the protection or scope of the statute.

Many of the decisions of the state and federal courts have been very recently cited and reviewed upon the question: What is necessary to bring a case within the purview or scope of the statute in question? And we have examined many others, and none of the reported cases so cited and reviewed or examined, support the holding of the trial court in submitting this case to the jury as to the count based on the federal Employers' Liability Act; but we are of the opinion that they all tend to show that a case like the one in hand is not within the statute. See the cases of Southern Railway Co. v. Peters, 194 Ala. 94, 69 South. 611, and L. & N. R. R. Co. v. Blankenship, 199 Ala. 521, 74 South. 960, and cases there cited.

In a very recent decision of the Supreme Court of the United States, not yet officially reported, it was held that by the very terms of the statute the true test is the nature of the work being done at the time of the injury or death, and that the mere fact that the parties expected in the future to engage in interstate commerce, or (we may add) had in the past engaged in such work, is not sufficient to bring the case within the statute; that to come within the statute the act or work being performed by the injured servant must be an act or work of interstate commerce, or must be so directly and immediately connected with interstate commerce as to be a part of it or of other acts thereof, or a necessary incident thereto. See Erie Railroad Co. v. Welsh, 242 U. S. 303, 37 Sup. Ct. 116, which follows Behren's Case, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163; Carr's Case, 238 U. S. 260, 35 Sup. Ct. 780, 59 L. Ed. 1298; Shanks' Case, 239 U. S. 556, 36 Sup. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797.

Here the evidence utterly fails to show that deceased, if conceded to have been employed by the defendant, was ever employed to engage in commerce of any kind or description, or that he ever did in fact so engage; and there is no evidence that such work was ever contemplated to be performed in the future by the deceased. The only fact which at all lends color to this, as a case under the act in question, is that the train of the defendant which was robbed was engaged in interstate commerce when robbed, and that deceased attempted to apprehend the robbers. He was not on the train when it was robbed, and there is no pretense that he was then in the employ of the defendant for any purpose, or that he was ever in its employment except to search for and apprehend the robbers. This, we hold, is not sufficient.

It is unnecessary to pass upon any of the other questions assigned as errors or argued; either they are not involved in the question decided, or they will probably not arise on another trial.

We do not mean to intimate that there was or was not any evidence to support a verdict for the plaintiff under other counts of the complaint, as that question is not before us; but we are of the opinion that it is certain there was none to support a verdict under the only count submitted to the jury.

What we have said as to the relations existing between defendant and the deceased and the alleged negligent person was merely conceding, without deciding, the proof on these questions to be as alleged, for the purpose of showing that in such case there could be no recovery under the count declaring on the federal Employers' Liability Act.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.