## REESE v. SOUTHERN RY. CO.

District Court, N. D. Georgia. Atlanta Division.
May 8, 1928.

. No. 1072.

1. **Removal of causes ⬤⟹3—Action for negligent homicide under Federal Employers' Liability Act and state laws held not removable to federal court, though diversity of citizenship existed; "separable controversy" (Jud. Code, § 28 [28 USCA § 71]; Federal Employers' Liability Act [45 USCA §§ 51–59]).**

Under Judicial Code, § 28 (2S USCA § 71), providing that no case arising under 45 USCA §§ 51–59 (Comp. St. §§ 8657–8665), brought in state court of competent jurisdiction, shall be removed to any federal court, action in state court for negligent homicide of railroad employee, based on Federal Employers' Liability Act and also on state laws, *held* not removable to federal court, though diversity of citizenship existed, and notwithstanding contention that separable controversy exists; "separable controversy" provision being confined to cases where joinder of parties prevents removal and not to those wherein nature of action is in question.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Separable Controversy.]

2. **Removal of causes ⬤⟹47—Allegation that railroad employee was killed in interstate commerce held sufficiently to show action under Federal Employers' Liability Act to prevent removal to federal court, notwithstanding diversity of citizenship (Jud. Code, § 28 [28 USCA § 71]).**

Allegation of plaintiff's pleading in action for death of railroad employee that both decedent and defendant railroad were, at time of accident, engaged in interstate commerce, and that decedent was a switchman for railroad, *held* sufficiently to show that action was brought under Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665) to preclude removal to federal court under Judicial Code, § 2S (28 USCA § 71), notwithstanding diversity of citizenship, as against contention that it stated mere conclusion; pleading being amendable.

3. **Removal of causes ⬤⟹86(1)—Removal petition cannot usurp function of special demurrer.**

Petition for removal cannot usurp the function of a special demurrer, to test sufficiency of pleading.

At Law. Action by Mrs. Bessie Reese, administratrix of Charles C. Reese, deceased, against the Southern Railway Company. On plaintiff's motion to remand the case to the state court. Granted.

T. J. Lewis, of Atlanta, Ga., for plaintiff.

Rembert Marshall and McDaniel & Neely, all of Atlanta, Ga., for defendant.

SIBLEY, District Judge. Mrs. Reese, administratrix of Charles C. Reese, a citizen of Georgia, sued Southern Railway Company, a citizen of Virginia, in a state court of competent jurisdiction; the suit being framed under two distinct counts, one based expressly on the Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), and one on the state laws, both . counts alleging the negligent homicide of the decedent while employed as switchman for the defendant. The suit was removed to this court as one between citizens of different states.

[1] A motion to remand is made, based on the language of the original Employers' Liability Act, repeated in section 28 of the Judicial Code, and in section 71 of title 28 of the present U. S. Code (28 USCA § 71), to this effect: "No case arising under sections 51 to 59 of title 45, and brought in any state court of competent jurisdiction shall be removed to any court of the United States." This positive language was intended to limit the jurisdiction by removal of the District Courts, and to relieve them to that extent of having to try railroad damage suits. All the legislation touching removal enacted since 1875 has pursued this policy of restriction. The prohibition against removal is positive, denying removal for any reason to the class of cases named. The language, "case arising under sections 51 to 59 of title 45," is quite like that of "cases * * * arising under this Constitution, the laws of the United States," in article 3, section 2, of the Constitution. On the latter language, it was early held, in Osborn v. Bank of United States, 9 Wheat. 738, 6 L. Ed. 204, that, if the case in any respect depended upon the Constitution and laws of the United States, no matter what other questions were involved, the case as a whole was one arising thereunder. So here, while there is one count based on sections 51 to 59 of title 45, United States Code, and one based wholly on state laws, there is but one case, and that case is one arising under the federal laws referred to. As such, the right of removal is denied to it.

It is faintly urged that the latter count is a separable controversy, authorizing removal of the suit. The separable controversy provision has always been confined to cases where joinder of parties prevented removal, and not to those in which the nature of the action was the question. If, however, the matter were doubtful, the last expressed will of Congress, that cases arising under the Federal Employers' Liability Act should not be removed, ought to be effectuated. While there is conflict in the decisions of the District Courts, Jones v. Southern Railway Co.,

236 F. 584, and Mitchell v. Southern Railway Co., 247 F. 819, by this court, will be followed.

[2, 3] The petition for removal urges that a case under the federal act is really not stated in the first count, because the allegation therein that the deceased and the defendant were engaged at the time in interstate commerce is a mere pleader's conclusion. But the count further states that the deceased was a switchman in Atlanta, engaged at the time of his death in delivering a train of freight cars from the Southern Railway Company to the Central of Georgia Railroad Company. It might be judicially noticed, as common knowledge, that these two are among the most extensive railroad systems in the South, and that a train of freight cars passing from one to the other would necessarily contain interstate freight. But it is sufficient to say that the count is plainly intended to be based on the federal law, is capable of amendment, and that the petition for removal cannot usurp the function of a special demurrer.

Remand is ordered.