THOMPSON v. ST. LOUIS–SAN FRAN-
CISCO RY. CO. et al.
No. 1809.

District Court, N. D. Oklahoma.
Feb. 6, 1934.

Bailey E. Bell, of Tulsa, Okl., for plaintiff.

Cruce, Franklin & Satterfield, of Oklahoma City, Okl., for defendants.

FRANKLIN E. KENNAMER, District Judge.

This action was originally filed in the District Court of Tulsa county, Okl., against St. Louis-San Francisco Railway Company, James M. Kurn, and John G. Lonsdale, receivers of St. Louis-San Francisco Railway Company, seeking the recovery of damages on account of an injury sustained by plaintiff. The cause was removed to this court upon the petition of James M. Kurn and John G. Lonsdale, receivers, reciting the fact of their appointment as receivers by the federal court. A motion to remand the cause has been interposed by the plaintiff and those portions of plaintiff's petition pertinent to a determination of the questions presented alone will be set out.

Plaintiff alleges that on or about the 5th day of May, 1932, he was employed as a special agent to inspect cars used in trains operated between points in Missouri, Oklahoma, and Texas, and that the trains he was required to ride upon and examine carried interstate shipments of commerce through these and other states; that plaintiff's injuries resulted from him being shot by en-

emies of the corporate defendant because of harsh treatment administered by special agents of the defendant corporation upon persons upon trains and right of way of the defendant; that the enmity of persons in and near the town of Claremore, Okl., was well known to plaintiff's superiors but was unknown to him, but that plaintiff, without knowledge of the conditions or the dangers, was directed to ride a passenger train to Claremore, Okl., and there to inspect the yards and to ride back to Tulsa on a freight train, and that while he was carrying out the orders, he started walking in the railway yards in the town of Claremore, Okl., and was there met by certain persons incensed against the defendant railway company, and shot with a revolver, striking plaintiff directly in the mouth. Plaintiff seeks to recover under the Federal Employers' Liability Act (45 USCA §§ 51-59), but also sought the recovery of punitive damages in the sum of $30,000 by alleging that the said railway system was being operated in violation of the laws of the state of Oklahoma and of the United States. Plaintiff dismissed his cause of action for punitive damages, leaving only for the consideration of the court his cause of action under the Federal Employers' Liability Act.

At the outset, it should be observed that the receivers were appointed for the corporation on November 2, 1932, several months after plaintiff suffered his alleged injuries.

Plaintiff insists (1) that the cause having been brought under the Federal Employers' Liability Act in the state court of Oklahoma, it is not removable because of the federal statute creating the Federal Employers' Liability Act; and (2) that actions instituted against receivers appointed by federal courts are not removable from the state to federal courts unless the action is directed personally against the receivers; and (3) that the injury having occurred prior to the appointment of receivers by the federal court, that the same is not removable.

The contentions asserted by the defendants are likewise three-fold. In the first place, it is urged that the allegations of plaintiff's petition show that plaintiff was not engaged in interstate commerce or in work so closely related to interstate transportation as to be practically a part of it, and that the action is therefore not governed by the Federal Employers' Liability Act (45 USCA §§ 51-59), and that the cause is removable on account of diversity of the citizenship between plaintiff and defendants, plaintiff being a resident of Oklahoma and the defend-

ants being residents of Missouri. The second contention is that the action is removable to the federal court because the receivers appointed by this court are made parties-defendant, and that title 28 USCA § 76, provides for removal by officers of the federal courts of actions brought against them in the state courts. The last contention is that the action is removable to the federal court for the reason that plaintiff attempts to state two causes of action, one under the Federal Employers' Liability Act, and the other under the statutes of Oklahoma, or common law, in plaintiff's endeavor to seek punitive damages.

We are here concerned with the consideration of two statutes; one, that portion of the Federal Employers' Liability Act pertaining to the removal of causes, and the other, title 28 USCA § 76, relating to the removal of causes pending against officers of the courts of the United States. The pertinent section of the first statute, upon which plaintiff relies for a remand of the cause, is as follows:

USCA 45, c. 2, § 56, p. 515: "* * * Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States. (Apr. 22, 1908, c. 149, § 6, 35 Stat. 66; Apr. 5, 1910, c. 143, § 1, 36 Stat. 291.)"

The statute (28 USCA § 76) upon which the defendant receivers base their right of removal, is as follows:

"When any civil suit or criminal prosecution is commenced in any court of a State * * * against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer, * * * the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the district court next to be holden in the district where the same is pending upon the petition of such defendant to said district court and in the following manner. * * *"

Before discussing the above statutory provision and considering the cases bearing

upon the questions here presented, it is necessary to dispose of the other contentions relied upon by the parties.

It is first insisted that plaintiff has not set forth a cause of action in his petition under the Federal Employers' Liability Act. It is urged that plaintiff's petition discloses that plaintiff was engaged in work in intrastate commerce rather than in interstate, by reason of having pleaded that he was directed by his superior to proceed from Tulsa, Okl., to another point in Oklahoma, to wit, Claremore, upon a passenger train, and to inspect the cars and railway yards of the defendant company at Claremore, and upon the completion thereof to return to Tulsa upon a freight train. The defendants insist that the plaintiff, at the time of the injury, was not engaged in interstate transportation or in work so closely related to it as to be practically a part of it. Numerous authorities are presented in support of this contention.

It is well established that the test for the determination of an injury arising under the Federal Employers' Liability Act is the nature of the work being done by the employee at the time of the injury, and further, in order to bring the cause under the federal act, the employee must have been engaged, at the time of the injury, in interstate transportation or in work so closely related to it as to be practically a part of it. New York Cent. R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629. Numerous cases are reported applying the above principles of law to the facts in the particular case. It is often difficult to apply the above principles to the facts in a given case. The question is presented herein, but its decision is unnecessary in view of the conclusions set out hereafter. However, a review of the facts involved in some of the cases and the decisions thereon is enlightening.

A yard conductor on an interstate railway, injured while alighting from a slowly moving freight train, for the purpose of reporting to the yard master's office for further orders, was held not to have been employed in interstate commerce, although the orders which he would have received, had he not been injured, would have required him to make up an interstate train. Erie Railroad Company v. Welsh, 242 U. S. 303, 37 S. Ct. 116, 61 L. Ed. 319. The reason for the decision is that the duties of the particular employee were restricted to the yard and his employment was held not to have

been closely related to interstate transportation.

A night watchman, employed for the purpose of guarding tools and materials intended to be used in the construction of a railway station and tracks, was held not to have been engaged in interstate commerce, although such station and tracks were to have been used in interstate commerce when completed. New York Central Railway Company v. White, supra.

A police officer, employed by a railroad, was held not to have been engaged in interstate commerce at the time he was injured, even though at the time of injury he was investigating the theft of property which had been moving in interstate commerce. Delaware, L. & W. R. Co. v. Scales (C. C. A.) 18 F.(2d) 73. See, also, Kelly v. Pennsylvania R. Co. (C. C. A.) 238 F. 95; Alabama Great Southern Co. v. Bonner, 200 Ala. 228, 75 So. 986, 10 A. L. R. 1160; Chicago & Alton Ry. Co. v. Industrial Commission, 290 Ill. 599, 125 N. E. 378; Chicago, Rock Island & Pacific Railway Co. v. Industrial Board of Illinois, 273 Ill. 528, 113 N. E. 80, L. R. A. 1916F, page 540.

A fireman, employed by an interstate railway carrier on a switching engine, killed while aiding in the work of moving several cars, all loaded with intrastate freight between two points in the same city, was held not to have been employed in interstate commerce within the meaning of the Federal Employers' Liability Act (45 USCA §§ 51–59), in Illinois Central Railroad Co. v. Behrens, 233 U. S. 473, 34 S. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163.

It is to be observed from these cases that the injured employee, at the time of receiving the injury, was not engaged in interstate commerce or in work sufficiently closely related to it as to be practically a part of it. The facts in the reported cases differ widely from those here presented. In my opinion, the work of the plaintiff, as set forth in his petition, was sufficiently closely related to interstate commerce as to be practically a part of it.

In Philadelphia, B. & W. R. Co. v. Smith, 250 U. S. 101, 39 S. Ct. 396, 63 L. Ed. 869, the United States Supreme Court held that a cook in a camp car, at a siding near a railroad bridge being repaired, who was employed to assist and was assisting the bridge carpenters by keeping their bed and board close to their work, was employed, as were the carpenters, in interstate commerce within the Federal Employers' Liability Act.

A railroad servant, killed by a passing train while shoveling snow upon the railroad company's premises, between the platform and the tracks used for interstate and intrastate cars in commerce, was held to have been employed in interstate commerce. New York Central Railroad Co. v. Porter, 249 U. S. 168, 39 S. Ct. 188, 63 L. Ed. 536.

A yard clerk, killed while proceeding through the railroad yards to meet an incoming interstate freight train for the purpose of taking down the numbers and initials on the cars, of inspecting and making a record of the seals on the car doors, and of labeling them to guide the switching crews, was employed in interstate commerce within the Federal Employers' Liability Act. St. Louis, San Francisco & Texas Railway Co. v. Seale, 229 U. S. 156, 33 S. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156. See, also, Southern Pacific Co. v. Industrial Accident Commission of California, 251 U. S. 259, 40 S. Ct. 130, 64 L. Ed. 258, 10 A. L. R. 1181; Clemence v. Hudson & M. R. Co. (C. C. A.) 11 F. (2d) 913; Eng v. Southern Pacific R. Co. (D. C.) 210 F. 92; Freeman v. Frasher, 84 Colo. 67, 268 P. 538; Coil v. Payne, 114 Kan. 636, 220 P. 172.

I cannot agree with defendants that this cause is removable under the diversity of citizenship statute because the action does not come within the Federal Employers' Liability Act. Since I conclude that it is within the purview of that act, it is not removable on account of diversity of citizenship of the parties.

■ Defendants next contend that the cause is removable because plaintiff sought, in addition to a recovery under the Federal Employers' Liability Act, a judgment for punitive damages. Plaintiff dismissed his cause of action based upon his right to recover punitive damages, but defendants insist that the dismissal having been made after the removal of the cause to the federal court, that it is without effect, and cannot deprive this court of jurisdiction. Defendants' contention finds support in a decision of the United States District Court for the Northern District of Texas, in Givens v. Wight, 247 F. 233, wherein a petition sought in the alternative two different grounds of recovery, one upon the Federal Employers' Liability Act and the other upon a statute of the state of Texas. A similar decision was rendered by the United States District Court for the Northern District of Ohio, in Bedell v. Baltimore & O. R. Co., 245 F. 788. The contrary result has been reached by the United States

District Court for the Northern District of Georgia, in Reese v. Southern Railway Co., 26 F.(2d) 367, and Mitchell v. Southern Railway Co., 247 F. 819. The same decision has been announced by the United States District Court for the Northern District of New York in Peek v. Boston & M. R. R., 223 F. 448, and Rice v. Boston & M. R. R., 203 F. 580. In my opinion the better view is expressed by the cases last referred to, and I adhere to the proposition that a suit framed under two distinct counts, one based on the Federal Employers' Liability Act, and one on the state laws, where both arise out of the same set of circumstances, that there is in substance but one case, and it is one arising under the Federal Employers' Liability Act (45 USCA §§ 51–59), and is not removable by reason of the diversity of citizenship of the parties. It, therefore, becomes unnecessary to consider the other proposition of the defendants, to wit, that the dismissal of the cause of action bottomed upon the state statute or common law, for punitive damages, does not prevent a removal. However, there are decisions to the effect that after a case has been properly removed to the federal court, a plaintiff cannot, by reducing the amount sought, or amending it, require a remanding of the case. Kirby v. American Soda Fountain Co., 194 U. S. 141, 24 S. Ct. 619, 48 L. Ed. 911; Kanouse v. Martin, 15 How. 198, 14 L. Ed. 660; Twin Hills Gasoline Co. v. Bradford Oil Corporation (D. C.) 264 F. 440; Jellison v. Krell Piano Co. (D. C.) 246 F. 509.

■ It is well established that a cause arising under the Federal Employers' Liability Act, and instituted in the state court, wherein it is alleged the injured person was employed in interstate commerce at the time of the injury or death, which brings the case within such act, cannot be removed from the state to the federal court because of diversity of citizenship, or because it arose under the Constitution or federal statute. Great Northern Railway Co. v. Alexander, 246 U. S. 276, 38 S. Ct. 237, 62 L. Ed. 713, Kansas City Southern Railway Co. v. Leslie, 238 U. S. 599, 35 S. Ct. 844, 59 L. Ed. 1478; Reese v. Southern Railway Co., supra; Thompson v. Chicago & Northwestern Railway Co. (D. C.) 14 F.(2d) 230. But the proposition established by these cases is not decisive of the question here presented. The removal of this cause to the federal court was not under the federal statute providing for a removal of causes because of the diversity of citizenship of the parties, or as arising under the Constitution, or laws of the United States.

The removal in this case is predicated upon the statute set forth herein, providing for the removal of suits commenced in any court of the state against officers of the courts of the United States, for or on account of any act done under color of his office or in the performance of his duties as such officer. There is a division in the authorities as to the removability of a cause commenced in a state court against a receiver appointed by a federal court, wherein a recovery is sought for the negligent operation of the properties under the control of the receiver. There does not appear to have been a decision by a Circuit Court of Appeals of the precise question here presented, to wit, the removability of an action based upon the Federal Employers' Liability Act, commenced against a federal court receiver. The cases uniformly hold that a receiver appointed by a court is an officer of the appointing court within the purview of the statute providing for a removal of causes. However, there is a division in the authorities as to which cases are removable, the Eighth Circuit Court of Appeals in Newell v. Bryam, 26 F.(2d) 200, taking the broader view of the statute and holding that all cases commenced against federal court receivers are removable, while the Fifth Circuit Court of Appeals in the recent case of Ruff v. Gay, 67 F.(2d) 684, has limited the effect of the statute and held it applicable, as regards receivers, only to actions and proceedings to hold receivers responsible in their own person or property. The Tenth Circuit Court of Appeals, which is controlling of this court, has not passed upon the question, and since there is a difference in the holdings of two Circuit Courts of Appeals, the question is properly for the United States Supreme Court, rather than for this court's determination. However, it is not difficult to decide that the ruling of the Eighth Circuit Court of Appeals is controlling of the decision of the question now before the court. This court was formerly a part of the Eighth Judicial Circuit, having become disengaged therefrom upon the creation of the Tenth Judicial Circuit. The decisions of the Eighth Judicial Circuit are binding upon this court in the absence of decisions of the Tenth Circuit. It is proper to observe that the decision of the Eighth Circuit Court of Appeals, in Newell v. Bryam, supra, was rendered by Hon. Walter H. Sanborn, and concurred in by Hon. Robert E. Lewis, then a member of the Eighth Circuit Court of Appeals, and Hon. Orie L. Phillips, then a District Judge within the Eighth Circuit, but sitting as a member of the Eighth Circuit Court. Upon the creation of the Tenth Circuit Court of Appeals, Hon. Robert E. Lewis was designated as a member of the Tenth Circuit Court of Appeals, and is its senior Circuit Judge at this time. Hon. Orie L. Phillips was appointed a member of the Tenth Circuit Court of Appeals, and is now a member of that court. Thus, the Eighth Circuit Court of Appeals' decision was rendered by two of the present judges of the Tenth Circuit Court of Appeals, and in my opinion the decision is controlling of this court. However, I have no difficulty in following the decision as I consider it sound upon principle and the proper construction of the statute involved.

▮▮ I cannot accept the reasoning of the case of Ruff v. Gay, supra, in so lightly dismissing the holding of the Eighth Circuit and the District Court decisions, that in the conduct of the business the receiver was carrying out his duties as an officer of the court. It appears to me that the only relation a receiver can have to the operation of property over which he has control is one arising by virtue of an order of the appointing court. Whatever he does in the conduct of the affairs of the estate over which he has control, he performs in a representative capacity, representing the court from which he obtained his appointment. He is made an officer of the court by reason of the order appointing him receiver; he is responsible to the appointing court for all assets delivered to him under orders of the court, and is responsible to the appointing court for all of his acts and doings while executing the orders of the court, and carrying on the business and administering the affairs of the properties over which he was made receiver. The instances are few indeed where a receiver is subjected to litigation for responsibility in his own person or property; numerous actions arise against receivers in the conduct of the business over which they act as receivers. Certainly it was the intention of Congress to give officers of the courts, including receivers appointed by them, protection against responsibility in their own person and property, and since the jurisdiction of the court over property for which a receiver has been appointed is exclusive of the jurisdiction of all other courts [Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457; Superior Oil Corporation v. Matlock (C. C. A.) 47 F.(2d) 993; Barnett v. Mayes (C. C. A.) 43 F.(2d) 521], the appointing court should have complete control over all litigation involving the property under its domination. The appointing court does not only have ex-

clusive jurisdiction over the property, but under the statute, all suits commenced against its officers are removable to the federal court. It occurs to me that the statute meant what it expressly said when it states that any civil suit commenced in any court of a state against any officer of the courts of the United States, for or on account of any act done under color of his office, or in the performance of his duty as such officer, may at any time before trial be removed for trial to the federal District Court. The statute (28 US CA § 76) does not say that a particular suit or a suit seeking to hold a receiver responsible in his own person or property may be removed, but says "any civil suit" may be removed; the act does not limit the removal of civil suits against officers of the courts to acts done under color of his office, but goes beyond that by including civil suits commenced against an officer of the court on account of any act done under color of his office or in the performance of his duties as such officer. Certainly it was the duty of the receivers in the instant case to operate trains upon the properties of the corporate defendant; there would have been a dereliction of their duties to have not so operated the trains of the corporate defendant, unless expressly ordered by the appointing court. The instant suit was commenced against them by reason of an act done by them in the performance of their duties as receivers. By the same token that legislation should not be construed as to enlarge the jurisdiction of federal courts, Acts of Congress should not be construed to defeat their purpose or to lessen the effect of express language employed in them. It is noteworthy that the statute above referred to was enacted on August 23, 1916, while the provision in the Federal Employers' Liability Act (45 USCA §§ 51–59), preventing removal of causes instituted in the state courts, was passed in the year 1908. The difference in the dates of the enactments of the statutes explains the existence of decisions prior to 1916, holding that actions instituted against federal court receivers under the Federal Employers' Liability Act, were not removable. Gableman v. Peoria, D. & E. R. Co. et al., 179 U. S. 335, 21 S. Ct. 171, 45 L. Ed. 220, decided December 10, 1900; People of State of New York v. Bleecker, St. & F. F. Co. (C. C.) 178 F. 156, decided March 5, 1910; Dale v. Smith (C. C.) 182 F. 360, decided November 3, 1910; Rural Home Telephone Co. v. Powers (C. C.) 176 F. 986, decided February, 1910. Since 1916, in addition to the decisions by the Fifth Circuit Court of Appeals, Ruff v. Gay, supra, a per

curiam decision was rendered by Judges Cant, Molyneaux, and John B. Sanborn, sitting as a District Court in Minnesota. A very forceful opinion was rendered, but subsequently the Circuit Court of Appeals of that circuit (8th C. C. A.) modified the effect of the decision in ruling that all actions against receivers were removable under the above cited statute.

The United States District Court for the Western District of Missouri, in Slover v. Chicago, M. & St. P. R. Co., 16 F. (2d) 609, concluded that the federal act covered only such actions as were designed to hold the officer personally liable because of his official conduct, reaching the same conclusion, in effect, as the Fifth Circuit Court of Appeals. However, after the Eighth Circuit Court of Appeals announced its decision in Newell v. Bryam, supra, Judge Reeves of the United States District Court for the Western District of Missouri rendered an opinion, in Elliott v. Wheelock, 34 F. (2d) 213, and passed squarely upon the question here presented. In the cited case an action was commenced against a federal court receiver under the Federal Employers' Liability Act. In that case, as in this, after removal from the state to the federal court, plaintiff presented a motion to remand. The District Court remarked that the amendment providing for the removal of causes against officers of the courts of the United States, because of any act done under color of his office, or in the performance of his duties as such officer, was adopted 8 years after the enactment of the liability act, and that the Court of Appeals, Eighth Circuit, had definitely decided that a federal receiver in all suits against his trust, without regard to the question of value or citizenship, had the right to remove such suits to the federal courts for trial. He further concluded that under the broad construction placed upon the statute by the Eighth Circuit Court of Appeals, a federal receiver has the absolute right in all civil actions against him, at any time before the trial, to remove such actions to the District Court, provided that such civil suit is for or on account of any act done under color of his office or in the performance of his duties as such officer, and that it includes suits brought under the Federal Employers' Liability Act (45 USCA §§ 51–59). The same District Court reached a similar conclusion in a case not involving the Federal Employers' Liability Act, in American Locomotive Co. v. Histed, 18 F. (2d) 656. In Berens v. Bryam, 26 F. (2d) 953, Judge Elliott of the United States District Court of South Dakota reached the same conclusion.

as did the Circuit Court of Appeals for the Eighth Circuit in Newell v. Bryam, supra. The reasoning employed by Judge Elliott differs from that of the other courts, but contains great force. The first construction of this statute seems to have been in Matarazzo v. Hustis, 256 F. 882, a decision of the District Court for the Northern District of New York, wherein that court announced that there could be no doubt that suits against a receiver appointed by a court of the United States, brought in the state court, may be removed for trial to the United States District Court. See, also, Barnette v. Wells Fargo Nevada National Bank of San Francisco, 270 U. S. 438, 46 S. Ct. 326, 70 L. Ed. 669.

There is a conflict in the two statutes involved in the determination of this case, in so far as they pertain to the removal of cases based on the Federal Employers' Liability Act (45 USCA §§ 51-59). That act expressly says that such cases are not removable, while the act providing for the removal of any civil action commenced in state courts against officers of United States courts is equally explicit. In such instances, both statutes being special in that they pertain to definite matters and situations, under a well-established rule of statutory construction, the latest enactment will control, and will be regarded as an exception to, or qualification of, the prior statute. Washington v. Miller, 235 U. S. 422, 35 S. Ct. 119, 59 L. Ed. 295; U. S. v. Mullendore (C. C. A.) 35 F.(2d) 78; 59 C. J. 1052. As set out herein, the employers' act was passed in the year 1908, while the removal act for officers of United States courts was enacted in 1916, and must be regarded as an exception to, or qualification of, the earlier act, as to the removal feature contained therein.

I, therefore, have no difficulty in concluding that a civil suit instituted in the state court against a receiver appointed by a federal court is removable to the federal court at any time before trial, if the cause of action arose against the receiver on account of any act done when under color of his office or in the performance of his duties as such officer, and that the statute comprehends and includes all actions, whether arising at common law, state statutes, or under the Federal Employers' Liability Act.

The remaining contention of the plaintiff upon which he relies for the remanding of this cause, as his petition alleges, is that plaintiff sustained the injury upon which the action is predicated on May 5, 1932, which was prior to the appointment of receivers by the United States District Court, for the properties of the corporate defendant. There can be no doubt but that a civil action based upon a cause of action arising prior to the appointment of receivers, if instituted against the corporation in the state court after the appointment of receivers by the federal court for the assets of the corporation, is not removable to the federal court upon the petition of the receivers. This question has had the consideration of the United States Supreme Court in Riehle v. Margolies, 279 U. S. 219, 49 S. Ct. 310, 73 L. Ed. 669. However, the joining of federal court receivers as defendants in such an action renders the entire cause removable upon the petition of the receivers. It is a civil action commenced against officers of the federal court and is removable under the statute referred to above. If a cause of action is prosecuted against receivers even though the injury occurred prior to the appointment of the receivers, the cause is removable and may be tried in this court. The reason for such a holding is practical. If plaintiff prosecutes his action against the corporation, without asserting a cause of action against the receivers, the judgment obtained must be filed in an appropriate federal court and payment ordered upon the distribution of the estate. It may be inferior to secured claims and costs and expenses of the receivership. If an action is successfully prosecuted against a receiver, the judgment obtained constitutes an item of expense and is a liability of the receiver in his operation, payable out of the operation, and is superior to corporate claims, into which class a judgment rendered against the corporation would be. The reason, therefore, is practical; judgments against the corporate defendant, for injuries, will constitute general claims, junior to the expenses of the receivership and the costs of administration; a recovery against the receivers will stand as a portion of the cost of administration. There is thus a practical reason for such a rule, which asserts itself upon the payment of claims and the distribution of the estate.

Plaintiff's motion to remand the case to the District Court of Tulsa county is denied.