## HOEPFNER v. NORTHERN PAC. RY. CO.

### No. 153.

District Court, D. Montana, Butte Division.

July 13, 1945.

Wellington D. Rankin and Arthur P. Acher, both of Helena, Mont., for plaintiff.

Corette & Corette and Kendrick Smith, all of Butte, Mont., for defendant.

BROWN, District Judge.

This action was commenced by the Administratrix of the Estate of Mathias Hoepfner, deceased, against the defendant to recover of it damages for injuries which it is alleged the deceased received while in the employ of the defendant, he having survived his injuries for an appreciable length of time, and to recover on behalf of the widow and children the damage they sustained by reason of his death as the result of the negligence.

The action was brought in the State court. The complaint contains two causes of action. In the first cause of action it is alleged that at the time Hoepfner suffered the injuries the defendant was engaged in interstate commerce and that he, Hoepfner, was employed by the defendant in interstate commerce, thus the first cause of action is bottomed on the Federal Employers' Liability Act, Title 45 U.S.C.A., §§ 51–60.

The second cause of action is identical in allegations with the first except that it is not alleged in the second cause of action that the defendant was engaged in interstate commerce, or that Hoepfner was employed by it in interstate commerce, and thus that cause of action is bottomed upon the State statutes, Sections 6605–6607, Revised Codes of Montana, 1935. The State statute was passed in 1911 and is modeled upon the Federal Employers' Liability Act.

The cause was removed to this court from the State court upon the petition of the defendant. The plaintiff moves to remand the case to the State court, asserting that it is one under the Federal Employers' Liability Act and thus not removable because of the provisions of Section 56 of Title 45 U.S.C.A., which in that respect provides: "* * * and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." Defendant resists the motion, contending that as there is a cause of action in the complaint bottomed upon the State law, joined with a cause of action bottomed upon the Federal Employers' Liability Act, the statute with reference to removal, contained in the latter act, has no application and the case made under the Federal Employers' Liability Act is properly here. There is no contention made, as there could not be, that the first cause of action does not set out a case under the Federal Employers' Liability Act, complete within itself and without regard to

anything set out in the second cause of action, and there is no doubt that if the facts alleged in the first cause of action are true, that upon the trial of the cause the result would be controlled by the provisions of the Federal Employers' Liability Act without regard to any law of the State. Seaboard Air Line R. v. Horton, 233 U.S. 492, 34 S. Ct. 635, 58 L.Ed. 1062, L.R.A.1915C, 1, Ann. Cas.1915B, 475. The record here discloses that the petition for removal of the cause filed in the State court was based entirely upon the fact that there was and is a diversity of citizenship between the plaintiff and the defendant and the amount in controversy in the action exceeds the sum of $3000.00, exclusive of interest and costs.

Section 56, on its face, is apparently a prohibition against the removal of an action brought under the Federal Employers' Liability Act from the State court to a Federal court. The Supreme Court, in Kansas City Southern R. Co. v. Leslie, Administrator of Old, 238 U.S. 599, 35 S.Ct. 844, 845, 59 L.Ed. 1478, said:

"The language of both amendment and Judicial Code, we think, clearly inhibits removal of a cause arising under the act from a state court upon the sole ground of diversity of citizenship."

That was the sole ground set forth in the petition here. In Great Northern R. Co. v. Alexander, Administrator of Hall, 246 U.S. 276, 38 S.Ct. 237, 239, 62 L.Ed. 713, the Supreme Court said:

"The allegation of the complaint that the deceased was employed in interstate commerce when injured, brought the case within the scope of the Federal Employers' Liability Act * * * and it would have been removable either for diversity of citizenship or as a case arising under a law of the United States, except for the prohibition against removal contained in the amendment to the act, approved April 5, 1910 (36 Stat.L. 291, c. 143). But this allegation rendered the case, at the time it was commenced, clearly not, removable on either ground."

In Southern R. Co. v. Lloyd, 239 U.S. 496, 36 S.Ct. 210, 212, 60 L.Ed. 402, an action was brought under the Federal Employers' Liability Act. One of the railroad companies was joined upon the theory that under the law of North Carolina it was liable upon the cause of action asserted by the plaintiff. In denying the contention of the defendant, that because of such joinder of one

of the defendants under the local law the case was removable, the Supreme Court said:

"The question of the effect of this provision upon the right to remove a case because of diversity of citizenship, since the passage of the act referred to, was before this court and passed upon in Kansas City Southern R. v. Leslie, 238 U.S. 599, 35 S.Ct. 844, 59 L.Ed. 1478. It was therein held that there was no authority to remove such action from the state court to the Federal court because of diversity of citizenship. Nor did the alleged fraudulent joinder of the local defendant in the state court give such right."

So far as I am able to discover from my search of the decisions of the Supreme Court, it has consistently refused to sustain any contention made before it that there are any exceptions to the prohibition of removability set out in the statute, or that a case made under the Federal Employers' Liability Act in the State court may, for any cause, be properly removed to the Federal court. While I am unable to find, in my research, any decision of the Supreme Court wherein it had before it the question of the removability of a case made under the Federal Employers' Liability Act, coupled with a count or cause of action under the State law, nevertheless I am of the opinion that the decisions of the Supreme Court, to the effect that a case made under the Federal Employers' Liability Act cannot be removed from the State court to the Federal court solely by reason of diversity of citizenship, or as a case arising under the laws of the United States, or because a defendant is joined by reason of the provisions of the state law, establish guiding principles that control in the proper solution of the instant case.

The defendant cites and relies upon the decision of the Circuit Court of Appeals of the Eighth Circuit in Jacobson v. Chicago, Milwaukee, St. Paul & Pacific R. Co., 8 Cir., 66 F.2d 688. In that case a cause of action was stated in the complaint, based upon the Federal Employers' Liability Act and another cause of action based upon a State statute. The Circuit Court of Appeals held the case properly removable to the Federal Court and the case is therefore directly in point.

The Circuit Court of Appeals, in rendering its opinion, quotes from the opinion of Judge Van Valkenburgh in Strother v. Un-

ion Pacific R. Co., D.C., 220 F. 731, 733, as follows:

"If a cause of action arising under the federal act is coupled with one arising under a state statute or at common law, stated in the alternative in separate counts, the plaintiff preserving the right, under recognized rules of local procedure, to make his election and avail himself of either at the close of the evidence, the right of removal is presented more baldly at the threshold of the case. There is present at the same time a case arising under the federal act, and therefore, standing alone, not removable, and one not arising under that act, and therefore, the citizenship being diverse, admittedly susceptible of being removed. Must the defendant await the action of the plaintiff at the close of the evidence before claiming the right, and, if so, is his relief then clear and complete? The Supreme Court has thus far refrained from settling such procedure, although it has intimated that the defendant should not necessarily be deprived of relief.

"It rests with plaintiff to determine whether he shall state a cause of action solely under the Employers' Liability Act, and therefore incapable of being removed, or whether he may unite with it, in the alternative, a cause of action that may be removed. If he adopts the latter course, does he not subject himself to the exercise of all the rights which a defendant may legitimately claim? Beyond question both causes of action are cognizable in the federal court, whether originally brought there or removed by consent. The provision against removal is a privilege granted to the plaintiff, which he may waive. If a cause of action containing all the elements of removability be joined with a count stating a cause of action not originally cognizable in the federal court, nevertheless the defendant may remove the former cause of action, and this will carry the entire case with it."

█ From the opinion it seems that Judge Van Valkenburgh and the Circuit Court of Appeals were strongly influenced because of the fact that under rules of local procedure the plaintiff at the close of the evidence had a right to elect whether he would proceed under the State law or under the Federal Act. There is no such right of election given to the plaintiff under such circumstances in Montana. The right of a plaintiff, employed by a railroad engaged in interstate commerce, to invoke the Federal Act depends upon whether he was or was not himself employed in interstate commerce by the railroad, and whether he was so employed in interstate commerce is either entirely a question of fact or a question of mixed law and fact. If the fact is that the plaintiff was employed in interstate commerce, the plaintiff then does not have any right to elect whether he will proceed under the Federal Act or the State law, but the plaintiff must proceed under the Federal law entirely, whether he desires to do so or not. His rights and the liability of the defendant are determinable only by that act. The law of the State has no application and is of no moment whatsoever in the determination of the lawsuit, for if the conditions exist that bring the case stated within the Federal Employers' Liability Act, then the act itself becomes exclusive, the acts of Congress control and the laws of the State, insofar as they purport to cover the same field, are superseded. Second Employers' Liability Cases (Mondou v. New York, N. H. & H. R. Co.) 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A., N.S., 44.

If the fact is that a plaintiff is actually employed in interstate commerce, there could be no question about the right of the defendant to require that the case be tried under the laws established by the Federal Employers' Liability Act, irrespective of the desire of the plaintiff. Defendant could do this by in its answer admitting the allegation of the plaintiff's cause of action that the railroad was engaged in interstate commerce and the plaintiff employed in it by the railroad, and such being the state of the pleadings the second cause of action would serve no purpose, it would not be submitted to the jury and the State law would have no application. If the defendant did not desire to admit those allegations in its answer, certainly the fact could be developed by it in the evidence and during the progress of the trial.

It was also thought by Judge Van Valkenburgh that the right of non-removability is a privilege granted to the plaintiff that he might waive. The record here is that the plaintiff herself commenced the action in the State court. To me that indicates an intent on the part of the plaintiff to insist on the right rather than to waive it. The plaintiff is here insisting that the case be remanded to the State court. That, to me, imports an intent on the part of the plaintiff to insist

on the right rather than to waive it. Thus, if the right under such circumstances is waived, it is not because the plaintiff intentionally desired to waive the right, but because of the fact that he coupled with his case made under the Federal statute a cause of action under the State law.

■■ There is no language in Section 56 of the Federal statute, as I read it, that imports a proviso that the section shall not apply if a cause of action under the State law is coupled with a case made under the Federal statute. Neither is there anything in the history of the Federal statute which brings me to that conclusion. The act is remedial. It was passed for the purpose, among others, of giving to those employed in interstate commerce by a railroad engaged in interstate commerce valuable rights which they did not have under the law as it existed at the time of the passage of the Federal Act, and was passed partly for the purpose of drastically changing the law as it existed. One of the rights that it gave to such an employee was the right of a free and unhampered election as to the forum in which he would try his case, be it Federal or State, irrespective of the desire of the defendant in that regard, and in order that there might be no uncertainty about its intent, Congress said the case so made should not be removed. As the right of removal is statutory, Congress, of course, had the power to change the statute in that regard and thus Congress gave to the employee a substantial and valuable right that the employee had not enjoyed up to that time, and that is the right to select the forum in which to try his case, and at the same time took from the defendant a substantial right it had enjoyed up to that time, viz. the right to remove if the employee elected to chose as the forum the State court, and gave to the State court, insofar as was within its power, all of the jurisdiction to try such a case that a Federal court had were the case there. Plaintiff here exercised that right, but in addition included in her complaint a cause of action under the State law as she had a right to do. Section 9130, Revised Codes of Montana 1935. The statement in both causes of action related to the same transaction, it was against the same defendant and by the employee of that defendant, the acts of negligence were the same, the injuries were the same, the results the same, the damage the same, the difference being the question only as to whether the employee was employed in interstate or intrastate commerce. The stating of a case in different counts or causes of action conform with local pleading and practice. It has the approval of the State courts as it tends to prevent delay in litigation, multiplicity of actions and to assure that cases will be tried and finally determined on their merits rather than on questions of procedure. Such a purpose has the approval of the Federal courts as illustrated by Rule 18a of Rules of Civil Procedure for the District Courts of the United States. While it is true that the plaintiff could obviate a question such as this by confining his complaint entirely to a statement of the case under the Federal Employers' Liability Act, without joining any other count or cause of action in the complaint, it does not to me necessarily mean that he must do so in order to avail himself of the right to keep the case in the State court, and neither does it seem to me that it was the intent of Congress that an employee, to avail himself of this right, must not avail himself of an advantageous right of pleading recognized by the State court given jurisdiction to try the case. As the Act is one remedial in character, it is my belief that it should be so construed as to advance the remedy given by Congress and not to narrow it, as only by so doing can the full intent and purpose of Congress in passing the Act be carried out, and I cannot reach the conclusion that the plaintiff, in joining with his case under the Federal statute a count or cause of action under the State statute, has thereby waived his right to insist that his case, made under the Federal statute, be tried in the State court.

The unquestioned fact here is that a case made under the Federal Employers' Liability Act has been removed to this court from the State court upon a petition asserting, as the sole grounds for removal, diversity of citizenship, and that in the face of the statute saying that such a case, when filed in the State court, shall not be removed and, in face of the decisions of the Supreme Court construing the statute and holding that diversity of citizenship is not grounds for removal, and such being the record here, I am convinced that the motion to remand is well taken and should be granted.

In reaching this conclusion I am supported, in addition to those authorities cited, by the United States District Court for the Northern District of Oklahoma in Thompson v. St. Louis-San Francisco R. Co., D.C., 5 F.Supp. 785, the District Court for the

Northern Division of Georgia in Jones v. Southern R. Co., D.C., 236 F. 584, the District Court of the Northern District of Georgia in Reese v. Southern R. Co., D.C., 26 F.2d 367, and the District Court of the Northern Division of New York in Peek v. Boston, etc. R., D.C., 223 F. 448.

It is therefore ordered that the motion to remand this case be and the same hereby is granted, and the case is ordered remanded to the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark from whence it came.

The Clerk is directed to forthwith notify all counsel of record hereof.